**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Adversary No. 25-50003-TMH |
| HILCO MERCHANT RESOURCES, LLC, | ) ) ) | **Related Adv. D.I. 70, 71** |
| Defendant. | ) | |

## <u>DEFENDANT HILCO MERCHANT RESOURCES, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

Defendant Hilco Merchant Resources, LLC ("Hilco") files this motion to dismiss Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, states:

### Introduction

1.      In 2023, this Court approved Hilco's role as a consultant to the Debtors in the then Chapter 11 bankruptcy cases of Christmas Tree Shops, LLC, et al. (collectively, the "Debtors"), jointly administered as case number 23-10576 (TMH) (collectively, the "Bankruptcy Cases"). The Court approved the Debtors' engagement of Hilco to assist with Debtors' going-out-of-business sales. As part of that Order, the Court ordered that Hilco cannot be liable as an employer, or even as a common employer, connected to its work for the Debtors. In the same Order, the Court approved the Debtors' request to extend the deadlines to pay wages under state Fast Pay Laws.

2.      Despite that Court Order, Plaintiffs filed an Amended Complaint against Hilco, alleging it is liable as a co-employer to the Debtors' workers under the Massachusetts Wage Act, M.G.L. c. 149, § 148 (the "Wage Act"), seeking damages for wages that the Debtors paid late and for alleged retention bonuses. However, the Wage Act claim fails and should be dismissed.  Only an employer can be held liable, but Hilco did not employ Christmas Tree Shops, LLC's ("CTS" or "Debtor") workers.  Indeed, the Court's May 31, 2023 Order bars Plaintiffs' Wage Act claim, and also their Massachusetts state law claims against Hilco for intentional and negligent misrepresentation and unjust enrichment. Additionally, the allegations in the Amended Complaint fail to plausibly allege any claim against Hilco.  For these reasons, the Amended Complaint should be dismissed under Federal Rule 12(b)(6).

3.      Moreover, Plaintiff Corbin is not a proper plaintiff to Counts II-IV regarding the retention bonuses.  Plaintiffs allege that CTS promised retention bonuses to store-level associates if they met certain criteria but Corbin worked in CTS's executive offices, not a retail store.

**Background**

4.      In the Bankruptcy Cases, the Debtors, as Chapter 11 debtors-in-possession, obtained entry of a *Final Order (I) Authorizing, on Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief* (the "Final Store Closing Order") (Bankr. D.I. 201), which authorized the Debtors to assume an agreement governing inventory disposition ("Store Closing Agreement") between CTS and Hilco, whereby Hilco was engaged as a "Consultant" to assist Debtors with going-out-of-business sales.

5.      The Final Store Closing Order states that, "[Hilco] shall not be deemed to be an employer, a joint or successor employer, or a related or common employer or payor within the

meaning of any legislation governing employment or labor standards, health and safety, or other statute, regulation or rule of law or equity for any purpose whatsoever and shall not incur any successor liability whatsoever." (Bankr. D.I. 201, at 25, ¶ 48).  This Order bars Plaintiffs' Wage Act claim, and also their claims for bonuses under the theories of intentional and negligent misrepresentation and unjust enrichment.

6.      On May 1, 2025, Plaintiffs filed their Amended Complaint. (Adv. D.I. 70). According to the Amended Complaint, Plaintiffs were CTS employees in Massachusetts. (*Id.* at ¶¶ 1, 6–7). Plaintiffs assert that CTS promised its store-level employees retention bonuses if they worked through the end of their respective store's liquidation sales. (*Id.* at ¶ 45).  Plaintiffs do not allege the date of the alleged misrepresentation despite the fact that they allege the misrepresentation came via email from CTS.

7.      Plaintiffs allege that they learned from CTS that Mr. Ian Fredericks, who worked at both Hilco and Debtor's lender ReStore Capital, conveyed to the Debtor's Mr. Salkovitz that "Hilco/ReStore" would fund the bonuses. (*Id.* at ¶ 43).

8.      Plaintiffs never allege that Hilco, CTS, or anyone else represented to Plaintiffs that Hilco would pay any portion of the wages for CTS's workers or any retention bonuses. (*Id.* at ¶ 66).  Plaintiffs do not allege a direct representation from Hilco to them.

### Argument

9.      Plaintiffs' Massachusetts state law claims against Hilco under the Wage Act, for intentional and negligent misrepresentation, and for unjust enrichment should be dismissed pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

10.     The Final Store Closing Order precludes Plaintiffs' claims to recover wages, retention bonuses, and compensation of any kind from Hilco.  Both the Final Store Closing Order

and the Store Closing Agreement make clear that Hilco is not an "employer" and cannot be held liable for wages, benefits, or any obligation or liability related to CTS's employees. Thus, Plaintiffs' claims are barred and the Amended Complaint should be dismissed in its entirety.

11. Plaintiffs' Wage Act claim fails also because the Court allowed Debtor's late payment of wages, Hilco does not meet the statutory definition of employer under the Wage Act, and the purported retention bonuses to not qualify as "wages" under the Wage Act.

12. Plaintiffs' intentional misrepresentation claim fails because the Amended Complaint does not plead with particularity any misrepresentation by Hilco as required by Federal Rule 9(b). Instead, Plaintiffs allege that Debtor CTS promised retention bonuses to store-level associates. Additionally, Plaintiffs do not plead with particularity the details of any misrepresentation made *to Plaintiffs* by Hilco, Debtor CTS, or anyone else. Plaintiffs allege no statement by Hilco that could give rise to reasonable reliance, and they plead insufficient facts to permit any plausible inference of fraudulent intent.

13. Plaintiffs' negligent misrepresentation claim fails because the Amended Complaint does not allege that Hilco made any misrepresentation to Plaintiffs or that Plaintiffs relied on any representation by Hilco. Additionally, a promise of future conduct is not actionable as a negligent misrepresentation.

14. Plaintiffs' unjust enrichment claim fails because of the Court's Order in the Bankruptcy Case, the Amended Complaint does not plausibly allege the elements of a claim as to Hilco, Plaintiffs could not have reasonably expected compensation from Hilco, and Plaintiffs have an adequate remedy at law.

15. Hilco incorporates by reference its supporting legal memorandum filed contemporaneously herewith.

WHEREFORE, Defendant Hilco Merchant Resources, LLC respectfully requests that the Court dismiss the Amended Complaint under Federal Rule 12(b)(6) and for such other and further relief as is just and appropriate under the circumstances.

Dated: June 13, 2025                                     Respectfully submitted,

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (No. 4083)
Kristi J. Doughty (No. 3826)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
doughty@chipmanbrown.com

Christina M. Berish (Admitted pro hac vice)
David Duffy (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
cberish@thompsoncoburn.com
dduffy@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*