**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Adversary No. 25-50003-TMH |
| HILCO MERCHANT RESOURCES, LLC, | ) ) ) | **Related Adv. D.I. 70, 71** |
| Defendant. | ) | |

## <u>LEGAL MEMORANDUM IN SUPPORT OF</u>
## <u>DEFENDANT HILCO MERCHANT RESOURCES, LLC'S MOTION TO DISMISS</u>
## <u>PLAINTIFFS' AMENDED COMPLAINT</u>

Mark L. Desgrosseilliers (No. 4083)
Kristi J. Doughty (No. 3826)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
doughty@chipmanbrown.com

Christina M. Berish (Admitted pro hac vice)
David Duffy (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
cberish@thompsoncoburn.com
dduffy@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

RELEVANT BACKGROUND ........................................................................................... 2

    A.    Bankruptcy Proceedings ........................................................................... 2

    B.    Procedural History ................................................................................... 4

    C.    Allegations in the Amended Complaint.................................................... 5

LEGAL STANDARD.......................................................................................................... 6

ARGUMENT ....................................................................................................................... 7

    I.    Hilco is not an employer of CTS's employees, which precludes all of Plaintiffs' compensation and bonus claims............................................................ 7

    II.    Plaintiffs' Wage Act claim fails because the Final Store Closing Order precludes the claim, Hilco is not an employer, and Plaintiffs do not plausibly allege a claim.......................................................................................... 8

        A.    The Final Store Closing Order precludes Plaintiffs from bringing a Wage Act claim.................................................................... 8

        B.    Hilco is not an "employer" of Plaintiffs under the Wage Act. ................... 9

        C.    Plaintiffs do not allege the other elements of a Wage Act claim............. 10

    III.    The Amended Complaint fails to state a claim for intentional misrepresentation. ............................................................................................... 11

    IV.    The Amended Complaint fails to state a claim for negligent misrepresentation. ............................................................................................... 15

    V.    The Amended Complaint fails to state an unjust enrichment claim against Hilco under Massachusetts law................................................................ 16

        A.    Plaintiffs fail to plausibly allege any element of an unjust enrichment claim against Hilco. ............................................................. 18

        B.    Plaintiffs could not reasonably expect payment from Hilco..................... 19

        C.    Plaintiffs have an adequate remedy at law............................................... 19

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advance Dx, Inc. v. YourBio Health, Inc.*, 753 F. Supp. 3d 53 (D. Mass. 2024) ....................17, 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................6, 11, 18

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................18

*Braunstein v. McCabe*, 571 F.3d 108 (1st Cir. 2009) ..........................................................15

*Buck v. Hampton Tp. Sch. Dist.*, 452 F.3d 256 (3d Cir. 2006) ...........................................3

*Chavarriaga v. New Jersey Dept. of Corrs.*, 806 F.3d 210 (3d Cir. 2015)...........................6, 18

*Cohen v. State St. Bank & Trust Co.*, 72 Mass. App. Ct. 627, 893 N.E.2d 425 (2008) ......................................................................................................................................16

*Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 918 N.E.2d 36 (2009) ....................................................................................................................15, 16

*Doucot v. IDS Scheer, Inc.*, 734 F. Supp. 2d 172 (D. Mass. 2010) ....................................11

*Ellicott v. Am. Capital Energy, Inc.*, 906 F.3d 164 (1st Cir. 2018) ....................................8, 10

*First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 717 F. Supp. 2d 156 (D. Mass. 2010)..........................................................................................................................12, 13

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)...................................................6

*Guldseth v. Family Med. Assocs. LLC*, 45 F.4th 526 (1st Cir. 2022) ..................................17, 18

*In re Access Cardiosystems, Inc.*, 404 B.R. 593 (Bankr. D. Mass. 2009) ...........................12

*In re Chisholm Oil & Gas Nominee, Inc.*, 660 B.R. 593 (Bankr. D. Del. 2024) ..................7

*In re FormTech Indus., LLC*, 439 B.R. 352 (Bankr. D. Del. 2010)......................................7

*Int'l Floor Crafts, Inc. v. Adams*, 477 F. Supp. 2d 336 (D. Mass. 2007)............................12

*Khelfaoui v. Lowell Sch. Comm.*, 496 F. Supp. 3d 683 (D. Mass. 2020) ............................14

*McCartin v. Westlake*, 36 Mass. App. Ct. 221, 630 N.E.2d 283 (1994)..............................16

*Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.*, 266 F. Supp. 3d 502 (D. Mass. 2017) .............................................................................................14

*NaviSite, Inc. v. Cloonan*, No. 02–1949, 2005 WL 1528903 (D. Mass. May 11, 2005) ..................................................................................................................11

*Omori v. Brandeis Univ.*, 635 F. Supp. 3d 47 (D. Mass. 2022)...............................17, 19

*Orabi v. Att'y Gen.*, 738 F.3d 535 (3d Cir. 2014)..........................................................3

*Ratchford v. Orange Lantern, Inc.*, 720 F. Supp. 3d 64 (D. Mass. 2024) .....................16

*Rick v. Profit Mgmt. Assocs., Inc.*, 241 F. Supp. 3d 215 (D. Mass. 2017)....................13

*Robert E. Ricciardelli Carpet Serv., Inc. v. Home Depot U.S.A., Inc.*, 679 F. Supp. 2d 192 (D. Mass. 2010)..................................................................................16

*Roche v. Aetna, Inc.*, No. 1:22-cv-00607-NLH-EAP, 2023 WL 3173394 (D.N.J. May 1, 2023)................................................................................................3

*Scott v. NG U.S. 1, Inc.*, 450 Mass. 760, 881 N.E.2d 1125 (2008)..........................12, 13

*Segal v. Genitrix, LLC*, 478 Mass. 551, 87 N.E.3d 560 (2017) ..................................9, 10

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).......................................................7

*Tze–Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 89 N.E.3d 460 (2018) .................9, 11

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294 (3d Cir. 2016)....................................................................................12

*Watkins v. Omni Life Sci., Inc.*, 692 F. Supp. 2d 170 (D. Mass. 2010) .........................18

**Statutes and Constitutional Provisions**

Massachusetts Wage Act, M.G.L. c. 149, § 148.................................................... *passim*

**Rules**

Fed. R. Civ. P. 9.................................................................................2, 12, 13, 14

Fed. R. Civ. P. 12.......................................................................................... *passim*

Defendant Hilco Merchant Resources, LLC ("Hilco") files this legal memorandum in support of its motion to dismiss Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, states:

## INTRODUCTION

In 2023, this Court approved Hilco's role as a consultant to the Debtors in the then Chapter 11 bankruptcy cases of Christmas Tree Shops, LLC, et al. (collectively, the "Debtors"), jointly administered as case number 23-10576 (TMH) (collectively, the "Bankruptcy Cases"). The Court approved the Debtors' engagement of Hilco to assist with Debtors' going-out-of-business sales. As part of that Order, the Court ordered that Hilco cannot be liable as an employer, or even as a common employer, connected to its work for the Debtors. In the same Order, the Court approved the Debtors' request to extend the deadlines to pay wages under state Fast Pay Laws. Despite these Court-approved Orders, Plaintiffs filed an Amended Complaint against Hilco, alleging it is liable as a co-employer to the Debtors' workers under the Massachusetts Wage Act, M.G.L. c. 149, § 148 (the "Wage Act"), seeking damages for wages that the Debtors paid late and for alleged retention bonuses.

However, the Wage Act claim fails and should be dismissed. Only an employer can be held liable, but Hilco did not employ Christmas Tree Shops, LLC's ("CTS" or "Debtor") workers. And the Court's May 31, 2023 Order states that, "[Hilco] shall not be deemed to be an employer, a joint or successor employer, or a related or common employer or payor within the meaning of any legislation governing employment or labor standards, health and safety, or other statute, regulation or rule of law or equity for any purpose whatsoever and shall not incur any successor liability whatsoever." (Bankr. D.I. 201, at 25, ¶ 48). This Order bars Plaintiffs' Wage Act claim,

and also their claims for bonuses under the theories of intentional and negligent misrepresentation and unjust enrichment.

Plaintiffs' claims for intentional and negligent misrepresentation should also be dismissed because Plaintiffs do not actually allege that *Hilco* made any misrepresentation(s) to Plaintiffs. Instead, Plaintiffs allege that the Debtor CTS made misrepresentations about bonus payments to Plaintiffs. These claims also fail under Federal Rule 9(b). Plaintiffs failed to plead the alleged misrepresentation(s) with particularity, and, without any detailed allegations, Plaintiff cannot sustain a claim against Hilco, who did not even allegedly make a representation. Moreover, the promise of future conduct – including the promise of a bonus – is not actionable as negligent misrepresentation.

Plaintiffs' final count for unjust enrichment must also be dismissed. The claim fails to plausibly allege the elements as to Hilco. Further, Plaintiffs could not have reasonably expected compensation from Hilco when the alleged representation was made by CTS and did not mention Hilco. Finally, Plaintiffs have an adequate remedy which precludes an unjust enrichment equitable-based claim. For all of these reasons, the Amended Complaint should be dismissed in its entirety under Federal Rule 12(b)(6).

**RELEVANT BACKGROUND**

**A.      Bankruptcy Proceedings**

On May 5, 2023 (the "Petition Date"), the Debtors filed the Bankruptcy Cases. (*See* Bankr. D.I. 1 (CTS Voluntary Petition for Non-Individuals Filing for Bankruptcy)).

On May 7, 2023, the Debtors filed their *Emergency Motion for Interim and Final Orders (I)(A) Confirming, on an Interim Basis, that the Store Closing Agreement is Operative and Effective and (B) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and*

*Encumbrances, and (III) Granting Related Relief* (the "Store Closing Motion"). (*See* Store Closing Motion, Bankr. D.I. 20, attached as **Exhibit A**).[1]  A Store Closing Agreement between Debtor CTS and Hilco (the "Store Closing Agreement"), under which CTS engaged Hilco to serve as a "Consultant" to provide services to CTS in connection with its "going-out-of-business sales," is attached to the Store Closing Motion. (*See* Store Closing Agreement, Ex. A, at 36–46).

On May 31, 2023, this Court entered a *Final Order (I) Authorizing, on Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief* (the "Final Store Closing Order"). (Final Store Closing Order, Bankr. D.I. 201, attached as **Exhibit B**).

The Final Store Closing Order authorized the Debtors to assume the Store Closing Agreement between the Debtor CTS and Hilco, thereby approving Hilco's consultancy role.

The Final Store Closing Order states that Hilco "shall act solely as an independent consultant to the Debtors . . . . and, for greater certainty, [Hilco] shall not be deemed to be an employer, a joint or successor employer, or a related or common employer or payor within the meaning of any legislation governing employment or labor standards, health and safety, or other statute, regulation or rule of law or equity for any purpose whatsoever and shall not incur any successor liability whatsoever." (*Id.* at 25, ¶ 48).

Not only did the Final Store Closing Order address Hilco's role as consultant but it also addressed the Debtors' payment of wages, allowing additional time for the Debtors to pay worker compensation.  The Final Store Closing Order provides that "[t]he Debtors shall not be required

---

[1]     Additionally, in ruling on a Federal Rule 12(b)(6) motion to dismiss, courts may rely on the complaint, its attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Buck v. Hampton Tp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). A court may take judicial notice of another court's docket, docket entries, and orders. *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014); *Roche v. Aetna, Inc.*, No. 1:22-cv-00607-NLH-EAP, 2023 WL 3173394, *3-4 (D.N.J. May 1, 2023).

to comply with any state or local law requiring that the Debtors pay an employee substantially contemporaneously with his or her termination, including but not limited to Fast Pay Laws . . . ." (*Id.* at 25, ¶ 49).  The Store Closing Motion defines "Fast Pay Laws" as "laws and regulations that require the Debtors to pay an employee substantially contemporaneously with his or her termination." (Store Closing Motion, Ex. A, at 12, ¶ 13).

The Final Store Closing Order provides, "the terms and provisions of the Store Closing Agreement shall be binding on the Debtors' creditors (whether known or unknown) . . . and any affected third parties . . . ." (Final Store Closing Order, Ex. B, at 23, ¶ 44). The Store Closing Agreement, in turn, provides that "[Hilco] shall have no liability to [CTS's] employees for wages, benefits, severance pay, termination pay, vacation pay, pay in lieu of notices of termination or any other liability arising from [CTS's] employment, hiring or retention of its employees, and such employees shall not be considered employees of [Hilco]." (Store Closing Agreement, Ex. A, at 38, § C(i)).

On August 10, 2023, the Debtors filed a motion to convert the Bankruptcy Cases to Chapter 7 liquidation cases, which the Court granted on August 16, 2023. (Bankr. D.I. 506 & 545). The Bankruptcy Cases continue to be administered before this Court as Chapter 7 cases.

**B.      Procedural History**

On September 25, 2023, Plaintiffs filed a Class Action Complaint against Marc Salkovitz and Pam Salkovitz (collectively, the "Salkovitzes") and Hilco in the Superior Court of Plymouth County, in the Commonwealth of Massachusetts (the "State Court"), styled *Christopher Corbin, et al. v. Marc Salkovitz, et al.*, Case No. 2383-cv-00717. (Adv. D.I. 10, at 1–8). Hilco removed the case to the United States District Court for the District of Massachusetts (the "District Court"), and on December 7, 2023, Hilco moved to transfer this case to the United States District Court for the District of Delaware. (Adv. D.I. 13 & 14).  On November 1, 2024, the Massachusetts District

Court severed Plaintiffs' claims against the Salkovitzes from the claims against Hilco, remanded Plaintiffs' claims against the Salkovitzes to state court, and transferred Plaintiffs' complaint against Hilco to this Court. (Adv. D.I. 38 & 42).  On May 1, 2025, Plaintiffs filed their Amended Complaint against Hilco and added a Wage Act claim. (Adv. D.I. 70).

**C.       Allegations in the Amended Complaint**

Plaintiffs were employed by the Debtor in Massachusetts. (Adv. D.I. 70, at ¶ 1).  Corbin worked in the Debtor's corporate office, and Seronick worked as a store-level associate. (*Id.* at ¶¶ 6–7).  The Amended Complaint alleges that Marc Salkovitz ("M. Salkovitz") was Executive Chairman of Debtor CTS.  (*Id.* at ¶ 10).

When CTS filed for bankruptcy, ten CTS stores were scheduled to close as part of reorganization (the "Initial Stores").  (*Id.* at ¶ 17).  To facilitate those store closings, the Debtor entered into a Store Closing Agreement with Hilco which addressed the ten store closings and the potential future closings of the 72 remaining CTS stores (the "Additional Stores"). (*Id.* at ¶ 18).

In the Amended Complaint, as part of their co-employer theory, Plaintiffs allege that the Store Closing Agreement authorized Hilco, in collaboration with CTS, to, "[r]ecommend staffing levels for CTS Stores" and "[r]ecommend bonus and incentive programs for CTS Store employees." (*Id.* at ¶ 19).  Plaintiffs state that, " . . . . Hilco exercised at least an equivalent level of control over CTS and all CTS employees through Hilco's exercise of its authorized powers under the Store Closing Agreement and financial control through ReStore Capital." (*Id.* at ¶ 37). Plaintiffs' Amended Complaint references ReStore Capital, LLC, one of Debtors' lenders, even though ReStore Capital is a separate entity and has various other dealings with the Debtors as approved by this Court. Under the co-employer theory, Plaintiffs seek penalties for late-paid wages.

- 5 -

Regarding retention bonuses, the Amended Complaint alleges that, "CTS store level employees (including store managers and assistant store managers) were informed via email *from CTS* that they would be entitled to be paid a retention bonus if they met the criteria . . . ." (*Id.* at ¶ 45) (emphasis added).  Plaintiffs do not allege the date, the week, or even the month Plaintiffs received the alleged email(s) from CTS.  Plaintiffs also allege that Mr. Ian Fredericks, who worked at both Hilco and lender ReStore Capital, told M. Salkovitz that "Hilco/ReStore" would fund the bonuses.  (*Id.* at ¶ 43).

### LEGAL STANDARD

Federal Rule 12(b)(6) permits a party to move for dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "a pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must provide more than "conclusory" or "bare-bones" allegations to survive a motion to dismiss. *Id.* "Although the court 'must accept the allegations in the [c]omplaint as true, [it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Chavarriaga v. New Jersey Dept. of Corrs.*, 806 F.3d 210, 218–19 (3d Cir. 2015) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

**ARGUMENT**

I.    **Hilco is not an employer of CTS's employees, which precludes all of Plaintiffs' compensation and bonus claims.**

This Court's Final Store Closing Order precludes all claims contained in the Amended Complaint.  Count I seeks damages for late wages and alleged retention bonuses and Counts II-IV seek payment of the alleged retention bonuses, and all of those types of compensation are precluded by the Final Store Closing Order.  The Order and the corresponding Store Closing Agreement make clear that Hilco is not an "employer" and cannot be held liable for wages, benefits, or any obligation related to CTS's employees.  (Ex. A, at 36–46; Ex. B). It is well established that "[a] Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citation omitted); *see also In re FormTech Indus., LLC*, 439 B.R. 352, 357 (Bankr. D. Del. 2010); *In re Chisholm Oil & Gas Nominee, Inc.*, 660 B.R. 593, 598 n.22 (Bankr. D. Del. 2024).

The Final Store Closing Order expressly states that Hilco "shall not be deemed to be an employer, a joint or successor employer, or a related or common employer or payor within the meaning of any legislation governing employment or labor standards, health and safety, or other statute, regulation or rule of law or equity for any purpose whatsoever and shall not incur any successor liability whatsoever." (Ex. B, at 25, ¶ 48).

All of Plaintiffs' claims – under the Wage Act, for misrepresentations, and for unjust enrichment – relate to either Plaintiffs' late-paid wages or the alleged retention bonuses, and Plaintiffs allege no other damages. (Adv. D.I. 70, ¶¶ 79, 86, 93, 95). It is clear from the Amended Complaint that Plaintiffs are seeking to hold Hilco liable as an employer for late-wage penalties and retention bonuses purportedly owed to CTS employees, which the Court's Final Store Closing Order expressly forbids. It would frustrate the purpose of the Bankruptcy Code to permit Plaintiffs

to assert these purported claims against Hilco when this Court oversaw and approved Hilco's consultancy role and entered the Final Store Closing Order precluding claims like those asserted by Plaintiffs here.  The Amended Complaint should be dismissed with prejudice.

## II.  Plaintiffs' Wage Act claim fails because the Final Store Closing Order precludes the claim, Hilco is not an employer, and Plaintiffs do not plausibly allege a claim.

"The Wage Act imposes liability on employers who fail to pay wages earned by their employees." *Ellicott v. Am. Capital Energy, Inc.*, 906 F.3d 164, 169 (1st Cir. 2018) (citing M.G.L. c. 149, § 148). "To establish a Wage Act claim, a plaintiff must show that: (1) he was an employee under the Wage Act; (2) the compensation constitutes wages pursuant to the Wage Act; (3) the Wage Act was violated; and (4) any individual defendants were corporate officers as defined by the statute." *Id.* (citing *Stanton v. Lighthouse Fin. Servs., Inc.*, 621 F. Supp. 2d 5, 10 (D. Mass. 2009); *Allen v. Intralearn Software Corp.*, 2006 Mass. App. Div. 71, 72 (Mass. Dist. Ct. 2006)).

In addition to the Final Store Closing Order barring Plaintiffs' Wage Act claim, the claim should also be dismissed because this Court allowed Debtor's late payment of wages and Hilco does not meet the statutory definition of employer.  The Amended Complaint finally does not provide sufficient factual allegations to support a Wage Act claim.

### A.  The Final Store Closing Order precludes Plaintiffs from bringing a Wage Act claim.

The Final Store Closing Order precludes Plaintiffs' Wage Act claim as a whole. The Final Store Closing Order provides that "[t]he Debtors shall not be required to comply with any state or local law requiring that the Debtors pay an employee substantially contemporaneously with his or her termination, including but not limited to Fast Pay Laws . . . ." (Ex. B, at 25, ¶ 49). The Store Closing Motion defines "Fast Pay Laws" as "laws and regulations that require the Debtors to pay an employee substantially contemporaneously with his or her termination." (Ex. A, at 12, ¶ 13). Additionally, the Final Store Closing Order provides that "[t]his Final Store Closing Order . . .

shall be binding on the Debtors' creditors (whether known or unknown) . . . and any affected third parties . . . ." (*Id.* at 23, ¶ 44). The Wage Act, which requires that "any employee discharged from [his] employment shall be paid in full on the day of his discharge," M.G.L. c. 149, § 148, clearly qualifies as a Fast Pay Law as defined in the Final Store Closing Order. *See Tze–Kit Mui v. Mass. Port Auth.*, 478 Mass. 710, 712, 89 N.E.3d 460 (2018) (noting Wage Act's same-day payment requirement for discharged employees). Thus, the Final Store Closing Order precludes Plaintiffs from bringing a Wage Act claim for late wages (in addition to wages of any kind against Hilco), and Count I should be dismissed.

**B.**      **Hilco is not an "employer" of Plaintiffs under the Wage Act.**

Count I fails also because the Wage Act does not provide for liability against third-party entities like Hilco. Under M.G.L. c. 149, § 148, "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." Thus, for corporations, those potentially liable under the Wage Act "are the 'president and treasurer of [the] corporation and any officers or agents having the management of such corporation,' in addition to the corporation itself." *Segal v. Genitrix, LLC*, 478 Mass. 551, 558, 87 N.E.3d 560 (2017) (quoting M.G.L. c. 149, § 148).  If liability is to be imposed on defendants other than the corporation itself, "it must be because they meet one of the express categories of corporate actors identified by the Legislature: the president, treasurer, or officers or agents having the management of the company." *Id.*

Plaintiffs do not allege Hilco was CTS's president, treasurer, officer, or agent.  Even if Plaintiffs allege one of these, Plaintiffs do not and cannot plausibly allege Hilco could act as manager "of the company." *Segal*, 478 Mass. at 559 ("The plain language of the provision indicates two important requirements: the defendant must both be an agent and have the management of the

company."). "Some management responsibility is not the same as 'the' management of the corporation." *Id.* (citing *Wiedmann v. The Bradford Grp., Inc.*, 444 Mass. 698, 712, 831 N.E.2d 304 (2005)). The *Segal* court emphasized the Wage Act's "express reference to the president and treasurer, two high level officers in the corporation with individual responsibility for its over-all management, particularly its financial affairs." *Id.* Having management of the company for Wage Act purposes refers to "someone who controls, directs, and participates to a substantial degree in formulating and determining policy of a corporation." *Id.* at 559 (quoting *Wiedmann*, 444 Mass. at 711–12).

Here, Plaintiffs do not allege Hilco had the management of CTS. Plaintiffs allege Hilco advised CTS in certain aspects of its business, namely the liquidation sales that occurred for a short period of time under the authority and supervision of this Court. Plaintiffs do not allege that Hilco set policies for CTS or was involved in any aspect of the business other than a limited role for the store closing sales pursuant to the terms of the Store Closing Agreement. The Amended Complaint alleges nothing more than Hilco making recommendations as permitted by the Store Closing Agreement and Final Store Closing Order.  For this additional reason, in accordance with CTS's own agreement and an Order entered by this Court, Hilco does not qualify as an employer under the Wage Act.

### C.      Plaintiffs do not allege the other elements of a Wage Act claim.

Plaintiffs' claim under the Wage Act also fails because the Amended Complaint does not adequately allege the elements of the claim. Specifically, Plaintiffs have not plausibly alleged that compensation constituting wages under the Wage Act were not paid to them or that the Wage Act was violated as to them. *Ellicott*, 906 F.3d at 169. The allegations under Count One of the Amended Complaint are so sparse it is impossible to tell what conduct Plaintiffs are alleging violated the Wage Act. (Adv. D.I. 70, at ¶¶ 77–79). Plaintiffs merely allege that "[b]y its conduct as set forth

herein, Hilco was the joint employer of the Massachusetts Subclass," and that "[b]y its conduct as set forth herein, Hilco violated M.G.L. c. 149, § 148." (*Id.* at ¶¶ 77–78). Plaintiffs do not allege in Count I any "wages" they were allegedly owed aside from the retention bonuses. Plaintiffs' allegations under Count I of the Amended Complaint are entirely conclusory and fail to provide adequate notice as to the conduct upon which the claim is premised as required to move forward. *See Iqbal*, 556 U.S. at 678.

Moreover, the purported retention bonuses do not qualify as "wages" under the Wage Act. *See Doucot v. IDS Scheer, Inc.*, 734 F. Supp. 2d 172, 193 (D. Mass. 2010) ("Generally, bonuses are not 'wages earned' within the meaning of Mass. Gen. Laws ch. 149, § 148.") (quoting *Sterling Research, Inc. v. Pietrobono*, No. 02–40150–FDS, 2005 WL 3116758, *12 (D. Mass. Nov. 21, 2005)); *see also NaviSite, Inc. v. Cloonan*, No. 02–1949, 2005 WL 1528903, at *13–14 (D. Mass. May 11, 2005) ("retention bonus and the performance bonus ... lie well outside the statute's reach"). Indeed, the Supreme Judicial Court of Massachusetts has "declined to expand the meaning of 'wages' under the act to other types of compensation not expressly mentioned in the statute." *Tze–Kit Mui*, 478 Mass. at 712–13 (citing *Weems v. Citigroup, Inc.*, 453 Mass. 147, 155–56, 900 N.E.2d 89 (2009) (discretionary bonuses not considered wages); *Boston Police Patrolmen's Ass'n, Inc. v. Boston*, 435 Mass. 718, 720–21, 761 N.E.2d 479 (2002) (tax-exempt deferred compensation not considered wages); *Prozinski v. Ne. Real Estate Servs., LLC*, 59 Mass. App. Ct. 599, 603–05, 797 N.E.2d 415 (2003) (severance pay not considered to be wages where payment was contingent upon circumstances of separation)); *see also id.* at 713 (finding that sick pay does not qualify as "wages" under the Wage Act). For these additional reasons, the Wage Act claim should be dismissed.

## III.    The Amended Complaint fails to state a claim for intentional misrepresentation.

Under Massachusetts law, an intentional misrepresentation claim must allege that: "(1) the defendant made a statement; (2) the statement was knowingly false; (3) the defendant made the

- 11 -

false statement with the intent to deceive; (4) the statement was material to the plaintiffs' decision; (5) the plaintiffs reasonably relied on the statement; and (6) the plaintiffs were injured as a result of their reliance." *In re Access Cardiosystems, Inc.*, 404 B.R. 593, 639 (Bankr. D. Mass. 2009) (internal quotation marks omitted) (quoting *Kenda Corp. v. Pot O'Gold Money League*, 329 F.3d 216, 225 (1st Cir. 2003)); *see also Int'l Floor Crafts, Inc. v. Adams*, 477 F. Supp. 2d 336, 341 (D. Mass. 2007).   Under Federal Rule of Civil Procedure 9(b), these elements must be pleaded with particularity. To satisfy Rule 9(b), "the complaint must, at a minimum, specify the 'time, place, and content of the alleged false or fraudulent representations.'" *First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 717 F. Supp. 2d 156, 161 (D. Mass. 2010) (quoting *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18–19 (1st Cir. 2002)).   In other words, Rule 9(b)'s heightened pleading standard requires that a plaintiff must plead "the who, what, when, where, and how of the events at issue." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306–07 (3d Cir. 2016) (internal quotation marks omitted).

Here, Plaintiffs' Amended Complaint falls far short of the heightened Rule 9(b) standard and otherwise fails.  Among other things, the first element is lacking.  Plaintiffs do not allege Hilco made a statement to any of the Plaintiffs that Plaintiffs relied upon.  Instead, they allege that *CTS* promised retention bonuses to store-level CTS associates. Based on this alone, Count II should be dismissed.

Because they cannot allege a misrepresentation by Hilco to Plaintiffs, Plaintiffs allege that, "Hilco, through Fredericks, represented to CTS, that Hilco/ReStore intended to pay retention bonuses to Additional Store store-level employees who remained employed through the end of their store's respective liquidation sale." (Adv. D.I. 70, at ¶ 81).[2]   However, the Amended

---

[2]   Any allegation as to CTS's lender Restore, or any entity other than Hilco, should be disregarded. *See Scott v. NG U.S. 1, Inc.*, 450 Mass. 760, 766, 881 N.E.2d 1125 (2008) ("[C]orporations—

Complaint does not supply the "what, when, where, and how" of this purported representation by Mr. Fredericks or that it even involves Hilco.

Further, Plaintiffs do not provide the "who, what, when, where, and how" of any representation made *to Plaintiffs* by Hilco, Debtor CTS, or anyone else.  As explained above, to satisfy Rule 9(b) "the complaint must, at a minimum, specify the 'time, place, and content of the alleged false or fraudulent representations.'" *First Choice Armor & Equip., Inc.*, 717 F. Supp. 2d at 161 (quoting *Arruda*, 310 F.3d at 18–19); *see also Rick v. Profit Mgmt. Assocs., Inc.*, 241 F. Supp. 3d 215, 223–24 (D. Mass. 2017) (same).  There's an allegation that Debtor made a promise "at or around the start of Additional Store liquidation sales," in an email, but Plaintiffs do not allege who sent the email, the date or time it was sent, or any specific language it contained. Because Plaintiffs have not pleaded any representation to them with particularity, their fraud claim fails. *See Rick*, 241 F. Supp. 3d at 223–24 (dismissing fraud claim under Massachusetts law for failure to "give the specifics of who made the statement, or where or when it was made" and thereby "fail[ing] to comply with the pleading requirements of Rule 9(b)).

The fact that CTS promised Plaintiffs retention bonuses "at or around the start of Additional Store liquidation sales" demonstrates that the purported July 26, 2023 text message conversation between Mr. Fredericks and Mr. Salkovitz cannot serve as the basis for the misrepresentation claim. (Adv. D.I. 70, at ¶¶ 45, 49).  While the Amended Complaint does not allege when the liquidation sales began, it alleges those sales were going to end for many stores just days later on July 30, 2023. (*Id.* at ¶ 50). Thus, the purported text message conversation took

---

notwithstanding relationships between or among them—ordinarily are regarded as separate and distinct entities.") (citing *Att'y Gen. v. M.C.K., Inc.*, 432 Mass. 546, 555, 736 N.E.2d 373 (2000); *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618, 233 N.E.2d 748 (1968); *United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998)). This concept of corporate separateness is "deeply ingrained in our economic and legal systems." *Id.* (quoting *Bestfoods*, 524 U.S. at 61). Thus, there is a presumption of separateness between corporations. *See id.* at 766–67.

place at the end, not the start, of the liquidation sales when the alleged misrepresentation occurred. Thus, the allegations in the Amended Complaint indicate that CTS promised Plaintiffs the retention bonuses before the purported text message conversation took place. (Adv. D.I. 70, at ¶¶ 45, 49–50). Consequently, any representation allegedly made by Mr. Fredericks in the purported text message conversation cannot serve as the basis for a misrepresentation claim.

Ultimately, Plaintiffs allege no statement by Hilco that could give rise to reasonable reliance. *See Khelfaoui v. Lowell Sch. Comm.*, 496 F. Supp. 3d 683, 689 (D. Mass. 2020) ("Reasonable reliance requires evaluating whether the alleged representations were sufficiently specific that it would be reasonable to rely on them. Statements that are vague and general, or at odds with other information would not justify reliance.") (citations omitted). And Plaintiffs have not alleged sufficient facts to give rise to a plausible inference of fraudulent intent. *See Metro. Prop. and Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc.*, 266 F. Supp. 3d 502, 519 (D. Mass. 2017) ("[I]n order to plead fraud under Rule 9(b), the complaint must set forth 'specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading.'") (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009)). Plaintiffs allege in a conclusory manner that Hilco never intended to pay the retention bonuses, but Plaintiffs do not provide facts to support an inference of fraudulent intent, as Rule 9(b) requires.

Finally, Plaintiff Corbin does not appear to be a plaintiff or a proper plaintiff to Counts II-IV. In Counts II-IV, Plaintiffs alleged that CTS promised retention bonuses to store-level associates. Plaintiffs allege that employee Corbin worked in the Debtor's executive offices, so, on the plain face of the allegations, employee Corbin could not be a plaintiff to Counts II-IV.

**IV.    The Amended Complaint fails to state a claim for negligent misrepresentation.**

Similarly, Plaintiffs do not plausibly allege the elements of a negligent misrepresentation claim as to Hilco. Accordingly, Count III should be dismissed. "In general, to establish the elements of a negligent misrepresentation claim under Massachusetts law, a party must show that the defendant '(1) in the course of his business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information.'" *Braunstein v. McCabe*, 571 F.3d 108, 126 (1st Cir. 2009) (quoting *Gossels v. Fleet Nat'l Bank*, 453 Mass. 366, 902 N.E.2d 370, 371–72 (2009)).

The Amended Complaint alleges that CTS made promises or misstatements to CTS employees and the employees relied on those statements. (Adv. D.I. 70, at ¶¶ 90–91). Plaintiffs' negligent misrepresentation claim fails for a number of reasons. First, Plaintiffs fail to allege any statement by Hilco to Plaintiffs. There is typically no liability for negligent misrepresentation to third parties. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 473–74, 918 N.E.2d 36, 49 (2009) (finding summary judgment properly granted on negligent misrepresentation claims when "the defendants made no direct representations to the plaintiffs" and the claims relied on the defendants' statements to third parties).

Additionally, Plaintiffs fail to plausibly allege the elements of a negligent misrepresentation claim. Plaintiffs have not alleged that Hilco supplied any false information. Moreover, because Plaintiffs alleged no statement by Hilco to Plaintiffs, the Amended Complaint fails to sufficiently allege any information supplied "in their business transactions," because Plaintiffs allege no transactions between Hilco and Plaintiffs. *See Braunstein*, 571 F.3d at 126. Similarly, because Hilco made no statement to Plaintiffs, the Amended Complaint cannot possibly allege justifiable

- 15 -

reliance. According to the Amended Complaint, Plaintiffs were never told Hilco would pay any wages or retention bonuses. The Amended Complaint merely alleges that CTS promised Plaintiffs retention bonuses.

Moreover, the representation that "Hilco/ReStore intended to pay retention bonuses" is not an actionable statement because, at most, it is a promise of future conduct. (Adv. D.I. 70, at ¶ 88). The statement is also too vague about potential circumstances and criteria to be actionable. "Under Massachusetts law, only statements of a factual nature that are false when made give rise to a cause of action for . . . negligent misrepresentation." *Robert E. Ricciardelli Carpet Serv., Inc. v. Home Depot U.S.A., Inc.*, 679 F. Supp. 2d 192, 208 (D. Mass. 2010) (citing *Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 21 (1st Cir. 2001)). Indeed, "false statements of opinion, of conditions to exist in the future, and promises to perform an act cannot sustain a claim for negligent misrepresentation, unless the promisor had no intention to perform the promise at the time it was made." *Cumis Ins. Soc'y, Inc.*, 455 Mass. at 474 (internal quotation marks and citations omitted); *see also Cohen v. State St. Bank & Trust Co.*, 72 Mass. App. Ct. 627, 631, 893 N.E.2d 425 (2008) (investment advisor's prediction that "long term results should be fine" not actionable); *McCartin v. Westlake*, 36 Mass. App. Ct. 221, 230 n. 11, 630 N.E.2d 283 (1994) (alleged misrepresentations to franchisees about franchisor's plans to open 200 franchises using venture-capital financing were not actionable as they were not statements of fact)). For this additional reason, the negligent misrepresentation claim fails.

## V.   The Amended Complaint fails to state an unjust enrichment claim against Hilco under Massachusetts law.

Plaintiffs' Count IV for unjust enrichment should also be dismissed by this Court. To maintain an unjust enrichment claim under Massachusetts law, a plaintiff must establish: "(1) it conferred a measurable benefit upon the defendant; (2) it reasonably expected compensation from

the defendant; and (3) the defendant accepted the benefit with the knowledge, actual or chargeable, of the plaintiff's reasonable expectation." *Ratchford v. Orange Lantern, Inc.*, 720 F. Supp. 3d 64, 81 (D. Mass. 2024) (quoting *Stewart Title Guar. Co. v. Kelly*, 97 Mass. App. Ct. 325, 146 N.E.3d 1142, 1151 (2020)); *see also Advance Dx, Inc. v. YourBio Health, Inc.*, 753 F. Supp. 3d 53, 72 (D. Mass. 2024).

Under Massachusetts law, "[w]hether or not receipt of a benefit is unjust turns on the reasonable expectations of the parties." *Guldseth v. Family Med. Assocs. LLC*, 45 F.4th 526, 540 (1st Cir. 2022) (citing *Metro. Life Ins. Co. v. Cotter*, 464 Mass. 623, 984 N.E.2d 835, 850 (2013)). "The fact that a person has benefited from another 'is not of itself sufficient to require the other to make restitution therefor.'" *Advance Dx, Inc.*, 753 F. Supp. 3d at 72 (quoting *Liss v. Studeny*, 450 Mass. 473, 479, 879 N.E.2d 676 (2008)). Rather, "[a]n award of damages is only warranted when a person's reasonable expectations have been defeated by 'unjust enrichment of one party and unjust detriment to the other party.'" *Id.* (quoting *Ratchford*, 720 F. Supp. 3d at 81; *Liss*, 450 Mass. at 479). Additionally, "[a] plaintiff cannot state a claim for unjust enrichment if he or she has an adequate remedy at law." *Omori v. Brandeis Univ.*, 635 F. Supp. 3d 47, 58 (D. Mass. 2022) (citing *Watkins v. Omni Life Sci., Inc.*, 692 F. Supp. 2d 170, 179 (D. Mass. 2010)).

In addition to being precluded by the Court's Final Store Closing Order, Plaintiffs' unjust enrichment claim fails because the Amended Complaint fails to plausibly allege the elements as to Hilco, Plaintiffs could not have reasonably expected compensation from Hilco when the alleged representation was made by Debtor about CTS compensation, and Plaintiffs have an adequate remedy at law.

**A.** **Plaintiffs fail to plausibly allege any element of an unjust enrichment claim against Hilco.**

Plaintiffs' Amended Complaint provides nothing more than a threadbare recitation of some, but not all, elements of an unjust enrichment claim. (Adv. D.I. 70, at ¶¶ 95-97). The Amended Complaint alleges that "[a]ll Additional Store store-level employees who worked through the end of the liquidation sales in their respective stores conferred a benefit upon Hilco," and that "Hilco accepted the benefit of all Additional Store store-level employees who worked through the end of the liquidation sales in their respective stores." (*Id.* at ¶¶ 95–96). The Amended Complaint then makes the conclusory allegation that "Hilco's retention of the benefit would be inequitable without payment for its value." (*Id.* at ¶ 97). These conclusory allegations do nothing to add to the plausibility of Plaintiffs' purported claim. *See Chavarriaga*, 806 F.3d at 218–19.

The Amended Complaint fails to provide factual allegations of any element of unjust enrichment. The Amended Complaint does not allege what measurable benefit Plaintiffs conferred upon Hilco. In fact, nowhere in the Amended Complaint do Plaintiffs allege that Hilco actually received, let alone retained, any benefit from Plaintiffs' alleged work. *See Watkins*, 692 F. Supp. 2d at 179 ("Under the doctrine of unjust enrichment, a plaintiff seeks restitution of a benefit conferred on another whose retention of the benefit at plaintiff's expense would be unconscionable."). It is entirely unclear from the Amended Complaint what "benefit" Plaintiffs' unjust enrichment claim is based upon. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. If this claim is premised on wages, Plaintiffs should know exactly what wages they did not get paid. Moreover, Plaintiffs do not even attempt to allege the second and third elements of unjust enrichment. The Amended Complaint never alleges that Plaintiffs "reasonably expected compensation from" Hilco or that Hilco could possibly have known about such an expectation. *See Advance Dx, Inc.*, 753 F. Supp. 3d at 72; *see also Guldseth*, 45 F.4th at 540. Thus, Plaintiffs

- 18 -

have not adequately pleaded the elements of their unjust enrichment claim against Hilco, and the claim should be dismissed.

**B.      Plaintiffs could not reasonably expect payment from Hilco.**

As established above, Plaintiffs do not allege—even in a conclusory manner—that they reasonably expected compensation from Hilco and this alone supports dismissal of Count IV. Indeed, the allegations in the Amended Complaint demonstrate that it would be unreasonable for Plaintiffs to expect payment of any wages or retention bonuses from Hilco. Plaintiffs were employed by CTS. (Adv. D.I. 70, ¶¶ 6–7, 68). Nowhere in the Amended Complaint do Plaintiffs allege that Hilco ever agreed to pay CTS employees' wages or any retention bonuses, or that Plaintiffs were ever told Hilco would pay their wages or any retention bonuses. Thus, the second element of Plaintiffs' unjust enrichment claim against Hilco necessarily fails.

**C.      Plaintiffs have an adequate remedy at law.**

Plaintiffs' unjust enrichment claim also fails because they have an adequate remedy at law to obtain any unpaid wages or retention bonuses. *See Omori*, 635 F. Supp. 3d at 58 ("A plaintiff cannot state a claim for unjust enrichment if he or she has an adequate remedy at law."). First, Plaintiffs have a legal remedy for obtaining wages and retention bonuses from CTS, their employer, through the Bankruptcy Cases. Second, Plaintiffs have an additional legal remedy available to them by way of their lawsuit against the Salkovitzes under the Wage Act, which is currently pending in Massachusetts state court. Because Plaintiffs have adequate legal remedies available to them, they cannot pursue an unjust enrichment claim against Hilco. For this additional reason, Plaintiffs' unjust enrichment claim should be dismissed.

**CONCLUSION**

For the reasons stated above, the Court should dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

Dated: June 13, 2025                   Respectfully submitted,

*/s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (No. 4083)
Kristi J. Doughty (No. 3826)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
doughty@chipmanbrown.com

Christina M. Berish (Admitted pro hac vice)
David Duffy (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
cberish@thompsoncoburn.com
dduffy@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*