**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 25-50003-TMH |
| | ) | |
| HILCO MERCHANT RESOURCES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**HILCO MERCHANT RESOURCES, LLC'S SUPPLEMENTAL BRIEF IN RESPONSE**
**TO THE COURT'S REQUEST FOR FURTHER BRIEFING**
**ON SUBJECT-MATTER JURISDICTION AND ABSTENTION**

Mark L. Desgrosseilliers (No. 4083)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com

Christina M. Berish (Admitted pro hac vice)
David Duffy (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
cberish@thompsoncoburn.com
dduffy@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*

Defendant Hilco Merchant Resources, LLC ("Hilco") files this supplemental brief in response to the Court's September 24, 2025 request to address the Court's subject-matter jurisdiction under applicable Third Circuit precedent and whether the Court should abstain under 28 U.S.C. § 1334(c)(1), (D.I. 89), and states as follows:

**INTRODUCTION**

This is a post-petition case arising from the bankruptcy cases filed by Christmas Tree Shops, LLC and certain of its affiliates (collectively, the "Debtors"). The Debtors hired Hilco to perform store closings, and this Court entered a Final Store Closing Order[1] authorizing the Debtors to assume their executory contract with Hilco under Section 365 and as a consultant under Section 363 of the Bankruptcy Code. CTS employees, Plaintiffs Christopher Corbin and Rich Seronick ("Plaintiffs"), now sue Hilco, alleging that Hilco is a "co-employer" with the Debtor and various other individuals. Plaintiffs seek penalties for wages the Debtor allegedly paid late under Massachusetts's fast pay law, M.G.L. c. 149, § 148 ("Fast Pay Claim") and for non-payment of retention bonuses that were allegedly offered to the Debtor's employees ("Bonus Claim"). Hilco denies Plaintiffs' claims on various grounds including that they ignore, contravene, and are barred by the Final Store Closing Order entered by this Court.

Hilco respectfully asks the Court to hear this case and enforce its Order. Under Third Circuit law, both "arising in" and "related to" jurisdiction exist, making this matter a core proceeding. As stated by the Supreme Court of the United States in *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009), "the Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders." Here, resolving Plaintiffs' lawsuit necessarily requires the

---

[1] The Debtors, as Chapter 11 debtors-in-possession, obtained entry of a *Final Order (I) Authorizing, on Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief* (the "Final Store Closing Order"). (Bankr. D.I. 201).

interpretation and enforcement of the Court's Final Store Closing Order, which addresses Hilco's engagement by the Debtor(s), the terms of the engagement, and the Court's exemption of Fast Pay laws to payments the Debtor made to employees.  Additionally, the outcome of this case could impact the bankruptcy estate, which is not closed, and implicates important and fundamental bankruptcy issues.

Regarding permissive abstention, the factors of permissive abstention weigh against abstention.  The interests of judicial efficiency, the interpretation and enforcement application of an order under sections 363 and 365 of the Bankruptcy Code, and other relevant factors weigh against this Court abstaining.

Treatment of these issues under Third Circuit case law is consistent with the United States District Court for the District of Massachusetts (the "Massachusetts District Court")'s prior rulings. (D.I. 38).  *See Corbin v. Salkovitz*, No. 1:23-cv-12807-IT, 2024 WL 4652481, at *5–8 (D. Mass. Nov. 1, 2024).  Citing to First Circuit precedent and the *Travelers Indemnity Co.* decision, the Massachusetts District Court determined that (1) "[b]ecause the present case is . . . a matter 'arising in' bankruptcy, this court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1334(b)," and (2) "[p]ermissive abstention is not warranted for claims against Hilco."  *Id.* at *6–8.  The Massachusetts District Court also found that "related to" jurisdiction exists under 28 U.S.C. § 1334(b). *Id.*  Given all of the above, and under the law of the case doctrine—which states that a transferee court should not revisit pre-transfer determinations on subject-matter jurisdiction and abstention absent extraordinary circumstances that do not exist here—the Court should find that both "arising in" and "related to" jurisdiction exist and the Court should hear the case to enforce the provisions of its Order.

**PROCEDURAL HISTORY**

As the Court noted on the record during the September 24, 2025 hearing, this case had extensive procedure before its transfer here.  Notably, on November 1, 2024, the Massachusetts District Court severed Plaintiffs' claims against Hilco from Plaintiffs' claims against the CTS principals (the Salkovitzes), which were remanded to state court, and granted Hilco's motion to transfer venue to the District of Delaware and later to this Court (the "Transfer Order").[2]  (D.I. 38).

Once here, on May 1, 2025, Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint"), asserting claims against Hilco under the Massachusetts Wage Act, M.G.L. c. 149, § 148, to seek penalties for wages the Debtor allegedly paid late and reasserting their misrepresentation and unjust enrichment claims under Massachusetts law.  *See supra*, fn. 3.  (D.I. 70, at 14–17).  Hilco has moved to dismiss, claiming in part that this Court's Final Store Closing Order precludes Plaintiffs' claims and that the Court's exemption of the Debtors from complying with state fast-pay laws bars the damages for the Fast Pay Claim.  (D.I. 77 & 78).

**ANALYSIS**

I.    **Subject-matter jurisdiction exists under 28 U.S.C. § 1334(b) and applicable Third Circuit case law.**

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).  Title 28 U.S.C. § 1334(b) provides district courts with subject-matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  District courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to

---

[2] Following the transfer of venue to the District of Delaware, Hilco and Plaintiffs jointly stipulated to referring the case to this Court.  (D.I. 47, at 1).

the bankruptcy judges for the district." 28 U.S.C. § 157(a).  Proceedings "arising under" title 11 and "arising in" a case under title 11 are "core" proceedings, whereas matters "related to" a case under title 11 are "non-core" proceedings.  *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 251, 254 (3d Cir. 2007).  Here, both "arising in" and "related to" jurisdiction exist.

Matters "arising under" title 11 "turn upon a substantive bankruptcy right or invoke a cause of action provided by the Bankruptcy Code."  *In re Am. Home Mortg. Holding*, 477 B.R. 517, 526 (Bankr. D. Del. 2012) (citing *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006)).  In contract "[a] proceeding 'arising in' a bankruptcy case does not 'invoke a substantive right provided by [the Bankruptcy Code.]'"  *Liberty Hall Capital Partners Fund I, L.P. v. Citizens Bank, N.A. (In re AeroCision Parent, LLC)*, 667 B.R. 1, 6 (Bankr. D. Del. 2025) (quoting *Resorts Int'l Fin., Inc. v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004)).  "Rather, it is 'one that by its nature, could arise only in the context of a bankruptcy case.'"  *Id.* (quoting *In re Resorts Int'l, Inc.*, 372 F.3d at 163).  Matters "arising in" a bankruptcy case have no existence but for the transactions occurring in or which have occurred in the bankruptcy.  *Id.*

The Third Circuit, like the Massachusetts District Court, has relied on the United States Supreme Court's mandate that a bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders."  *In re Essar Steel Minnesota LLC*, 47 F.4th 193, 197 (3d Cir. 2022) (quoting *Travelers*, 557 U.S. at 151); *see also In re Congoleum Corp.*, 149 F.4th 318, 328 (3d Cir. 2025) ("We have repeatedly held that bankruptcy courts have jurisdiction to interpret their own orders.") (collecting cases).  For example, the Third Circuit has determined that "an adversary proceeding requesting a bankruptcy court interpret and enforce its own sale orders 'was *a core proceeding* because it required the court to interpret and give effect to its previous sale orders.'"

*In re Essar Steel Minnesota LLC*, 47 F.4th at 199 (quoting *In re Allegheny Health Educ. & Research Found.*, 383 F.3d 169, 174–76 (3d Cir. 2004) (emphasis added)).

Based on this, Plaintiffs' lawsuit is a "core" proceeding "arising in" a bankruptcy case because resolving Plaintiffs' claims requires that this Court interpret and decide whether to enforce its Final Store Closing Order, in which this Court approved Hilco's consultancy role under 11 U.S.C. § 363 and authorized the Debtors to assume their retention agreement as an executory contract under 11 U.S.C. § 365. (Bankr. D.I. 201, at 4, ¶ 3 ("The Store Closing Agreement . . . is hereby assumed pursuant to section 365 of the Bankruptcy Code.")).

As is apparent from the Amended Complaint, resolving Plaintiffs' claims will necessarily require this Court to interpret and decide whether to enforce the Final Store Closing Order, including the provision stating that Hilco "shall not be deemed to be an employer, a joint or successor employer, or a related or common employer or payor within the meaning of any legislation governing employment or labor standards, health and safety, or other statute, regulation or rule of law or equity for any purpose whatsoever, and shall not incur any successor liability whatsoever." (Bankr. D.I. 201, at 25, ¶ 48). The Amended Complaint, on its face, raises such "core" issues, requiring the Court to interpret and determine whether to enforce the Final Store Closing Order. (D.I. 70, at 5–7, ¶¶ 23, 33–34). Additionally, in response to Hilco's Motion to Dismiss, Plaintiffs retroactively argue this Court should reconsider, reject, and/or strike portions of the Final Store Closing Order. (D.I. 84). Hilco opposes such relief, arguing in its Motion to Dismiss that the above provision of the Final Store Closing Order bars Plaintiffs' claims and asking the Court to enforce the Final Store Closing Order as written. (D.I. 78, at 7–8).

The Motion to Dismiss also addresses the Final Store Closing Order provision stating, "[t]he Debtors shall not be required to comply with any state or local law requiring that the Debtors

pay an employee substantially contemporaneously with his or her termination, including but not limited to Fast Pay Laws." (*Id.* at 8–9 (quoting Bankr. D.I. 201, at 25, ¶ 49)). Plaintiffs allege penalties for wages that Debtor paid late. Each of these issues requires the Court to interpret and enforce these provisions of the Final Store Closing Order. So this is a matter "arising in" the bankruptcy case, and this Court therefore has subject-matter jurisdiction. *See In re Essar Steel*, 47 F.4th at 197–98.

There are Third Circuit decisions which have found "arising in" jurisdiction lacking where only state law claims are brought. *See, e.g.*, *Stoe*, 436 F.3d at 218 (decided pre-*Travelers*) (involving Pennsylvania wage claims against a debtor's corporate officers). But *Stoe*, and this line of cases, stands in contrast to the "more nuanced view" of the Third Circuit in cases like this one involving the interpretation and enforcement of a prior bankruptcy order. *In re AeroCision Parent, LLC*, 667 B.R. at 7–8 (citing *In re Seven Fields Dev. Corp.*, 505 F.3d at 262) (finding "arising in" jurisdiction for state law breach of contract claim for lender's failure to provide financing to the debtor and applying the *Seven Fields* rationale). For example, in *Seven Fields*, the Third Circuit found that "arising in" jurisdiction existed over state law malpractice, negligence, and fraud claims asserted by creditors against a debtor's accountant. 505 F.3d at 262. The Third Circuit agreed with the reasoning of the bankruptcy court and district court that the state law claims "implicate[d] the integrity of the bankruptcy process" because they were "based on services provided during the bankruptcy, under the supervision of, and subject to the approval of, the bankruptcy court." *Id.* at 259 (internal quotation marks omitted).

Here, like in *Seven Fields* and *AeroCision Parent*, Plaintiffs' claims implicate the integrity of the bankruptcy process and are inextricably intertwined with the bankruptcy. *See In re Seven Fields Dev. Corp.*, 505 F.3d at 260–61; *In re AeroCision Parent, LLC*, 667 B.R. at 8. As explained

above, this Court's Final Store Closing Order approved Hilco's consultancy role under 11 U.S.C. § 363 and authorized the Debtors to assume an executory contract under 11 U.S.C. § 365 to perform the Debtors' going out of business sales.  (Bankr. D.I. 201, at 4, ¶ 3); *see also Stoe*, 436 F.3d at 218 (noting "orders permitting the assumption or rejection of contracts" as one category of "administrative matters" giving rise to "arising in" jurisdiction) (citing 1 Collier on Bankruptcy § 3.01[4][c][iv] at 3–31).  The Massachusetts District Court correctly stated, "Hilco is only a party to this case because the Delaware Bankruptcy Court approved its role as a consultant as part of Christmas Tree Shops' bankruptcy proceedings."  2024 WL 4652481, at *7; *see also id.* at *9 ("Hilco's involvement in this action derives from the bankruptcy proceedings.").  Moreover, this case raises the issue of who is responsible for paying wages for the Debtors' employees during pendency of the bankruptcy, an issue which goes "directly to the heart of a bankruptcy case."  *See In re AeroCision Parent, LLC*, 667 B.R. at 8; *see also In re Seven Fields Dev. Corp.*, 505 F.3d at 261–62.  Indeed, "[s]upervision of court-appointed professionals bears directly on the distribution of the debtor's estate" because it promotes an expeditious liquidation.  *In re AeroCision Parent, LLC*, 667 B.R. at 8 (quoting *In re Seven Fields Dev. Corp.*, 505 F.3d at 262).  Because Plaintiffs' claims against Hilco are "inseparable from the bankruptcy context," this is a "core" matter "arising in" the underlying Bankruptcy Cases[3] and jurisdiction exists under 28 U.S.C. § 1334(b).

This case also falls within the broader category of "related to" jurisdiction under 28 U.S.C. § 1334(b).  *See Celotex Corp.*, 514 U.S. at 307–08 ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth.").  The Supreme Court has explained that "the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving

---

[3] On or about May 5, 2023, Debtors filed then Chapter 11 bankruptcy cases before this Court, styled as *In re Christmas Tree Shops, LLC, et al.*, Case No. 23-10576-TMH (the "Bankruptcy Cases").

the property of the debtor or the estate." *Id.* at 308.   Indeed, "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (1984)).

Hilco's Court-approved consultancy role and the issue striking at the heart of the Bankruptcy Cases—who is responsible to pay the Debtor's employees—further demonstrate that this matter is at the very least "related to" the Bankruptcy Cases.[4]   *See In re FAH Liquidating Corp.*, 567 B.R. 464, 469–71 (Bankr. D. Del. 2017).   The instant action is in fact inseparably intertwined with matters traditionally recognized as being within the underlying bankruptcy court's exclusive jurisdiction.   *See Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363–64 (2006) ("Critical features of every bankruptcy proceeding are the exercise of *exclusive jurisdiction* over all of the debtor's property [and] the equitable distribution of that property among the debtor's creditors") (emphasis added).

For the reasons above, Third Circuit and Supreme Court precedent establishes this Court has subject-matter jurisdiction over this action "arising in" and "related to" the underlying bankruptcy case under 28 U.S.C. § 1334(b).

## II.     Permissive abstention is not warranted.

The Court should hear this case because, like the Massachusetts District Court determined, the permissive abstention factors do not weigh in favor of abstention and no case law from the District of Delaware or this Court requires a different result.   Under 28 U.S.C. § 1334(c)(1), courts have discretion "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising

---

[4] Plaintiff Christopher Corbin individually filed a Proof of Claim in the Bankruptcy Cases on October 13, 2023, alleging damages of $15,150 in unpaid wages.  (D.I. 4-7, at 3).

in or related to a case under title 11." Courts have identified twelve relevant factors regarding the

abstention inquiry:

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties.

*In re SemCrude, L.P.*, 428 B.R. 82, 101 (Bankr. D. Del. 2010) (quoting *In re Mobile Tool Int'l*,

320 B.R. 552, 556–57 (Bankr. D. Del. 2005)); *see also LaRoche Indus., Inc. v. Orica Nitrogen*

*LLC (In re LaRoche Indus., Inc.)*, 312 B.R. 249, 254 (Bankr. D. Del. 2004).[5]

Yet, "analysis of permissive abstention is not merely a mathematical exercise." *Trans*

*World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr. D. Del. 1996). Not all the factors

need be considered. *See Monmouth Investor, LLC v. Saker*, No. 09–3063 (FLW), 2010 WL

143687, at *4 (D.N.J. Jan. 12, 2010). Permissive abstention is "the exception, not the rule," and

should rarely be invoked. *Penson Techs. LLC v. Schonfeld Holdings LLC (In re Penson*

*Worldwide, Inc.)*, 587 B.R. 6, 22 (Bankr. D. Del. 2018) (internal quotation marks omitted).

---

[5] Applying First Circuit case law, the Massachusetts District Court opinion analyzed many, but not all, of these factors for its equitable remand analysis under 28 U.S.C. § 1452(b) and permissive abstention analysis under 28 U.S.C. § 1334(c)(1). *See Corbin v. Salkovitz*, No. 1:23-cv-12807-IT, 2024 WL 4652481, at *14-18. Courts often address equitable remand and permissive abstention under these statutes together. *See In re G–I Holdings, Inc.*, 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The equitable considerations relevant to determine the appropriateness of equitable remand and permissive abstention under Sections 1452(b) and 1334(c)(1), are essentially identical, and therefore a court's analysis is substantially the same for both types of relief.") (citation omitted).

The effect on administration of the estate is one of the most important factors. *See In re Fruit of the Loom*, 407 B.R. 593, 602 (Bankr. D. Del. 2009). Here, the Massachusetts District Court discussed at length the effect on administration of the estate (factor 1) and relatedness to the Bankruptcy Cases (factor 6) in analyzing equitable remand, stating as follows:

> The unjust enrichment claim against Hilco means that this action has a significant likelihood of affecting the administration of the bankruptcy estate . . . and relates strongly to the bankruptcy case . . . . The Final Store Closing Order issued by the Delaware Bankruptcy Court includes an indemnification clause pertaining to claims against Hilco, meaning that claims for which Hilco is liable as an employer . . . may have to be paid out from Christmas Tree Shops' bankruptcy estate. Moreover, Hilco is only a party to this case because the Delaware Bankruptcy Court approved its role as a consultant as part of Christmas Tree Shops' bankruptcy proceedings. In fact, interpreting the text of the Final Store Closing Order, which was issued by the Delaware Bankruptcy Court, is central to adjudicating the merits of the unjust enrichment claim asserted against Hilco.

2024 WL 4652481, at *7. Since the Massachusetts District Court transferred the case, this analysis applies even more strongly to Plaintiffs' Amended Complaint with the addition of Plaintiff's newly asserted Fast Pay Claim, which implicates another aspect of the Final Store Closing Order: the Debtor's exemption from Fast Pay Laws. *See In re FAH Liquidating Corp.,* 567 B.R. 464, 472 (Bankr. D. Del. 2017) (requirement for interpretation of bankruptcy plan weighed against abstention); *Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 730 (Bankr. D. Del. 2009) (finding proceeding "closely related to Debtors' bankruptcy cases" and therefore factor 6 weighed against permissive abstention where the plaintiff's claims "stem[med] from orders this Court entered in the bankruptcy case."). These factors weigh heavily against permissive abstention.

Factors 7 and 8 also heavily favor not abstaining because, as explained above, this is a "core" proceeding that will necessarily require this Court to interpret and decide whether and how to enforce multiple provisions of its Final Store Closing Order, and that implicates fundamental

bankruptcy law issues, such as this Court's authority to exempt Hilco from state wage statutes and employers from fast-pay laws. *See In re DBSI, Inc.*, 409 B.R. at 730 (finding factor 7 weighed against abstention because the action was a "core" proceeding and the plaintiff's claims "call[ed] for the determination and analysis of bankruptcy law and the interpretation of orders entered by this Court."); *see also id.* (finding factor 8 heavily disfavored abstention because "as the matters are 'core,' implicate fundamental issues of bankruptcy law, and relate to orders entered by this Court, it would be very difficult, perhaps infeasible, . . . to sever the bankruptcy issues from the state law issues."). The predominance of state law issues (factor 2), which admittedly is a significant consideration is not dispositive. *See In re HQ Global Holdings, Inc.*, 293 B.R. 839, 845 (Bankr. D. Del. 2003) ("Under bankruptcy law the presence of a state law issue is not enough to warrant permissive abstention, but it nevertheless is a significant consideration") (quoting *In re L & S Indus., Inc.*, 989 F.2d 929, 935 (7th Cir. 1993)); *see also In re Welded Construction, L.P.*, 609 B.R. 101, 114 (Bankr. D. Del. 2019); *In re Penson Worldwide, Inc.*, 587 B.R. at 23. As the Massachusetts District Court pointed out, this factor "does not weigh heavily in favor of remand because federal judges routinely apply state law." 2024 WL 4652481, at *8 (citation omitted). The Massachusetts District Court also considered "the difficulty of applicable state law" (factor 3) and found that none of the claims in the original complaint "present[ed] novel issues of applicable state law." *Id.* (citation omitted).

As to the presence of a related state proceeding (factor 4), the Massachusetts District Court stated, "the court is aware of no related state court proceedings (although if the case is severed and the claims against the Salkovitzes are remanded, there will be a related state court proceedings)." *Id.* at *9. The court correctly concluded that existence of the severed state court action would not outweigh the bankruptcy court's interest. As to the likelihood of forum shopping (factor 10), the

Massachusetts District Court found "there is no evidence of forum shopping by Hilco here. To the contrary, Hilco's involvement in this action derives from the bankruptcy proceedings. In light of that role, and the need to interpret a bankruptcy court order, . . . this court finds that permissive remand is also not warranted for the claims against Hilco." *Id.* The Massachusetts District Court also considered "the existence of a right to a jury trial" (factor 11) and found that it either did not favor remand or did not carry much weight. *Id.* at *8.

Additionally, as the Massachusetts District Court emphasized when finding equitable remand was not warranted, "the Delaware Bankruptcy Court has spent significantly more time dealing with issues arising in Christmas Tree Shop's bankruptcy estate, the petition for which *predated* Plaintiffs' complaint commencing this action . . . ." *Id.* at *8 (emphasis in original). This also weighs against abstaining. *See In re SemCrude, L.P.*, 428 B.R. at 101–02; *see also AYH Wind Down LLC v. Engelman (In re All Year Holdns, Ltd.)*, No. 21-12051 (MG), 2024 WL 1460157, at *7 (Bankr. S.D.N.Y. Apr. 3, 2024) ("A state court would, indeed, need to catch up on this history of this case, while this Court, on the other hand, is intimately familiar with the facts and players. Hence, this factor disfavors abstention.").

None of the remaining factors weigh heavily in favor of abstention. Accordingly, the Court should find permissive abstention is not warranted as to Plaintiffs' claims against Hilco.

### III.    The law of the case doctrine weighs against revisiting the Massachusetts District Court's rulings on subject-matter jurisdiction and permissive abstention.

Because the Massachusetts District Court previously determined that subject-matter jurisdiction over this action exists under 28 U.S.C. § 1334(b) and that permissive abstention is not warranted under 28 U.S.C. § 1334(c)(1), the law of the case doctrine weighs against disturbing these rulings even if some meaningful difference between First Circuit and Third Circuit precedent existed, which it does not. "The law of the case doctrine directs courts to refrain from re-deciding

issues that were resolved earlier in the litigation." *Pub. Interest Research Grp. of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997). Put another way, "the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). While courts may revisit prior decisions in the same action, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision *was clearly erroneous and would make a manifest injustice*." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)) (emphasis added).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816 (collecting cases). In fact, the law of the case doctrine applies "with even greater force" following transfer. *See id.*; *see also In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439, 443 (vacating and remanding post-transfer order that "violated the law of the case doctrine" because the lower court "failed to find any extraordinary circumstance" before overturning a ruling by the transferor court). Thus, a transferor court's rulings on subject-matter jurisdiction and abstention are "nearly dispositive" under the law of the case doctrine. *In re SemCrude, L.P.*, 428 B.R. at 103. "Under law of the case principles, if the transferee court can find the transfer decision *plausible*, its jurisdictional inquiry is at an end." *In re Sportsman's Warehouse, Inc.*, 457 B.R. 372, 388 (Bankr. D. Del. 2011) (quoting *Christianson*, 486 U.S. at 819) (emphasis in original).

Bankruptcy courts routinely apply the law of the case doctrine following transfer and refrain from revisiting transferor courts' determinations on subject-matter jurisdiction and abstention. *See Winstar Holdings, LLC v. The Blackstone Group, LP (In re Winstar Commc'ns,*

*Inc.)*, 435 B.R. 33, 39 (Bankr. D. Del. 2010), *aff'd*, 2013 WL 6053838 (D. Del. Nov. 15, 2013), *aff'd*, 591 F. App'x 58 (3rd Cir. 2015) (applying the law of the case doctrine to transferor court's determination of subject-matter jurisdiction); *In re Sportsman's Warehouse, Inc.*, 457 B.R. at 388 (same); *In re Centaur, LLC*, No. 12–50436 (KJC), 2015 WL 76667, at *1 (Bankr. D. Del. Jan. 5, 2015) (same); *In re Energy Future Holdings Corp.*, 546 B.R. 566, 585 (Bankr. D. Del. 2016), *aff'd*, 585 B.R. 341 (D. Del. 2018), *aff'd*, 773 F. App'x 89 (3d Cir. 2019) (applying the law of the case doctrine to transferor court's determination in transfer order venue that the matter was a "core proceeding"); *see also In re SemCrude, L.P.*, 428 B.R. at 103 (applying the law of the case doctrine to transferor court's determination that permissive abstention was not warranted).

Here, no extraordinary circumstances exist, and the Massachusetts District Court's rulings on subject-matter jurisdiction and permissive abstention are far more than plausible. Rather, as explained above, the Massachusetts District Court correctly determined that subject-matter jurisdiction exists and that permissive abstention is not warranted. Therefore, this Court should apply the law of the case doctrine and refrain from revisiting those prior rulings.

**CONCLUSION**

For the above reasons, the Court should apply the law of the case doctrine and refrain from revisiting the Massachusetts District Court's determinations on subject-matter jurisdiction and permissive abstention or, should the Court choose to independently evaluate these issues, agree with the Massachusetts District Court that subject-matter jurisdiction exists and that permissive abstention is not warranted as to Plaintiffs' claims against Hilco.

Dated: October 29, 2025                                    Respectfully submitted,

                                                                          */s/ Mark L. Desgrosseilliers*
                                                                          Mark L. Desgrosseilliers (No. 4083)
                                                                          **CHIPMAN BROWN CICERO & COLE, LLP**
                                                                          Hercules Plaza
                                                                          1313 North Market Street, Suite 5400
                                                                          Wilmington, Delaware 19801
                                                                          (302) 295-0191
                                                                          desgross@chipmanbrown.com

                                                                          Christina M. Berish (Admitted pro hac vice)
                                                                          David Duffy (Admitted pro hac vice)
                                                                          **THOMPSON COBURN LLP**
                                                                          55 East Monroe Street, 37th Floor
                                                                          Chicago, Illinois 60603
                                                                          (312) 346-7500
                                                                          cberish@thompsoncoburn.com
                                                                          dduffy@thompsoncoburn.com

                                                                          *Counsel for Hilco Merchant Resources LLC*