# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE



**Thomas M. Horan**

**United States
Bankruptcy Judge**

**824 N. Market Street
Wilmington, Delaware
(302) 252-2888**

December 4, 2025

Re:    **Corbin v. Hilco Merchant Resources, LLC (In re Christmas
Tree Shops, LLC), Adv. Pro. No. 25-50003 (TMH), Case No. 23-
10576 (TMH) – Ruling on Abstention**

VIA CM/ECF

Ms. Katharina Earle
Gibbons, P.C.
300 Delaware Ave., Suite 1015
Wilmington, DE 19801
Counsel to Plaintiffs

Mr. Mark Desgrosseilliers
Chipman Brown Cicero & Cole, LLP
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801
Counsel to Hilco Merchant Resources, LLC

Dear Counsel:

I appreciate the parties' thoughtful submissions in response to my request for
your positions on whether this court should exercise its discretion to abstain from
adjudicating this adversary proceeding. For the following reasons, the court will
abstain under 28 U.S.C. § 1334(c)(1). Because I write mainly for the parties, my
recitation of the facts is brief.

These bankruptcy cases were filed under chapter 11 on May 5, 2023, and
were converted to chapter 7 on August 16, 2023. The cases were converted under
troubling circumstances. At the outset of the hearing on the debtors' motion to

convert,[1] the debtors informed the court that "we provided Hilco and the DIP lenders with a detail of the payroll that due to be paid today, as well as detail on the sales taxes and, unfortunately, last night, we were informed that Hilco does not want to fund those expenses. That they will deal with the Chapter 7 Trustee with respect to the funding of those expenses."[2] The parties were informing me that employees who worked to wind down the businesses would not be paid on time for their final two weeks of work. Left unclear is whether they would be paid at all, in fact. I urged the parties to talk during a recess and they came back with a partial solution, with funds being made available to pay some employee payroll obligations, but not all. This issue ultimately was resolved several months later between the chapter 7 trustee and Hilco through a stipulation that this court approved (the "Settlement Order").[3]

The plaintiffs are Christoper Corbin and Rich Seronick. They are Massachusetts residents who worked for debtor Christmas Tree Shops, LLC ("CTS") at locations in Massachusetts. Defendant Hilco Merchant Resources, LLC was a "consultant" to the debtors under a contract that the Debtors assumed pursuant to this court's Final Order (I) Authorizing, on Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief (the "Final Store Closing Order").[4]

In their Amended Complaint,[5] the plaintiffs seek certification of two subclasses under Fed. R. Civ. P. 23, which applies to this adversary proceeding under Fed. R. Bankr. P. 7023. The first subclass would consist of all Massachusetts based employees as of August 12, 2023 who worked in CTS' Massachusetts corporate office or in certain retail stores in Massachusetts (the "Massachusetts Subclass"). The second subclass would consist of all CTS store-level employees other than in a Massachusetts store (the "Nationwide Subclass").

---

[1] Debtors' Motion for Entry of an Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b); (II) Approving the Conversion Procedures; (III) Authorizing the Transfer of the Professional Fee Funding Amount into a Segregated Attorney Trust Account Maintained by Debtors' Counsel; (IV) Limiting Notice of the Motion and (V) Granting Related Relief [Main Case D.I. 506].

[2] Transcript of August 16, 2023 hearing, 6:15–21 [Main Case D.I. 559].

[3] Order Approving Stipulation Between the Chapter 7 Trustee, Restore Capital, LLC, and Pathlight Capital, LP, Providing for Payment of Certain Unpaid Payroll Amounts [Main Case D.I. 728].

[4] Main Case D.I. 201.

[5] D.I. 70.

The Amended Complaint contains four counts. Count I, on behalf of the Massachusetts Subclass, seeks recovery for late paid wages and retention bonuses under MASS. GEN. LAWS ch. 149, § 148. Count II is a claim for misrepresentation on behalf of the Massachusetts Subclass store-level employees and the nationwide Subclass. Count III is a claim for negligent misrepresentation on behalf of the Massachusetts Subclass store-level employees and the nationwide Subclass. Count IV is a claim for unjust enrichment on behalf of the Massachusetts Subclass store-level employees and the nationwide Subclass.

Hilco has moved to dismiss the Amended Complaint, asserting, among other things, that the relief the plaintiffs seek is barred under the Final Store Closing Order.[6]

This proceeding has a complicated procedural past. On September 25, 2023, the plaintiffs filed a complaint in the Superior Court of Plymouth County in the Commonwealth of Massachusetts, naming Hilco as a defendant along with Marc and Pam Salkovitz. Marc Salkovitz was the debtors' Executive Chairman. Pam Salkovitz is married to Marc Salkovitz and was alleged in the original complaint to have substantial control over CTS policies.

On November 17, 2023, Hilco removed the action to the United States District Court for the District of Massachusetts, Eastern Division under 28 U.S.C. § 1452 and the Class Action Fairness Act, 28 U.S.C. § 1332(d). Then, on December 7, 2023, Hilco filed a motion to transfer venue of the case to the United States District Court for the District of Delaware. In opposition to the motion to transfer venue, the plaintiffs and the Salkovitzes argued that abstention was required because the claims did not meet the requirements for bankruptcy jurisdiction under 28 U.S.C. § 1334.

On December 18, 2023, the Salkovitzes moved to remand the case back to the state court or to abstain. That same day, the plaintiffs filed their motion to remand the case back to state court. The Massachusetts District Court considered the three motions together. On November 1, 2024, the Massachusetts District Court issued its memorandum and order severing the claims against the Salkovitzes from those against Hilco, remanding the claims against the Salkovitzes, and transferring the case to the United States District Court for the District of Delaware as to the claims against Hilco.[7]

---

[6] Briefing is completed on the motion to dismiss. See Notice of Completion of Briefing [D.I. 87]. Because this court is abstaining, it is not ruling on the motion to dismiss.

[7] Corbin v. Salkovitz, 2024 WL 4652481, Civ. A. No. 23-12807 (D. Mass. Nov. 1, 2024).

In its memorandum opinion, the Massachusetts District Court held that it did not have jurisdiction under the Class Action Fairness Act because even though the threshold jurisdictional requirements were met, the elements of the local controversy exception of 28 U.S.C. § 1332(d)(4)(A) were satisfied.

The court also weighed Hilco's argument that the court had jurisdiction over the case under 28 U.S.C. § 1334(b), which provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[8] Hilco argued that the complaint arose in these bankruptcy cases because the court would be called upon to interpret and enforce the Final Store Closing Order and the Settlement Order. The Massachusetts District Court found that there was "arising in" jurisdiction as to Hilco – but not the Salkovitzes – because the trial court would be called upon to interpret the Final Store Closing Order.[9]

The court also determined that permissive abstention was not warranted under 28 U.S.C. § 1334(c). Although the First Circuit has not specifically identified the factors to consider in that analysis, authority within the District of Massachusetts provides that the court should consider "(1) the extent to which state law issues predominate over bankruptcy issues, (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court, and (3) the likelihood that the commence of the proceeding in bankruptcy court involves forum shopping by one of the parties."[10]

The court found that state law issues predominate over bankruptcy issues and there was no related state court proceeding (while acknowledging that its decision to sever the Salkovitz claims and remand to the state court would create a related state court proceeding). The court also found that there was no evidence that Hilco was forum shopping because its involvement derived from its role in the bankruptcy case and because there was a need to interpret orders of this court.[11] On this basis, the court determined that "permissive remand [was] also not warranted for the claims against Hilco."[12]

Having determined that abstention was not warranted, the court transferred venue of the action to the District of Delaware under 28 U.S.C. § 1412. While the

---

[8] 28 U.S.C. § 1334(b).

[9] Corbin v. Salkovitz, 2024 WL 4652481, *7 (citing In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002)).

[10] Corbin v. Salkovitz, 2024 WL 4652481, *8–9 (citing Haber v. Massey, 904 F. Supp. 2d 136, 147 (D. Mass. 2012) (citing In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 69)).

[11] Id., *9.

[12] Id.

court found that venue transfer would inconvenience the plaintiffs because of resulting additional travel time and cost, and that there is a public interest in adjudicating the matter locally, it gave greatest weight to the "home court presumption" because Delaware is the district where these bankruptcy cases are pending.[13] The Delaware District Court then referred the proceeding to this court as a proceeding related to the debtors' bankruptcy cases.[14]

It is against this backdrop that I requested the parties provide submissions on the issue of whether this court should nonetheless abstain from hearing this proceeding under 28 U.S.C. § 1334(c)(1).

I made this request with some reluctance given the history that I have just described. However, because all the claims in the Amended Complaint sound in non-bankruptcy law and because of the Massachusetts District Court's observation that "there is a strong Massachusetts 'nexus to the controversy' because both named Plaintiffs and most putative class members are Massachusetts residents, and the claims arise out of events related to Hilco's activities in Massachusetts—namely Hilco's alleged representations to employees located in Massachusetts and any unjust enrichment Hilco may have received as a result of Plaintiffs' labor in Massachusetts[,]" I determined to pose the question regarding abstention.[15]

In addition, the test for permissive abstention in this district is not identical to the inquiry in Massachusetts. Here, we consider up to twelve factors:

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-

---

[13] Id., *10–11.

[14] So Ordered Joint Stipulation and Order (I) Referring Case to the Honorable Thomas M. Horan in the United States Bankruptcy Court for the District of Delaware and (II) Extending (A) Time for Plaintiffs to Obtain Delaware Counsel and (B) Defendant to Answer or Otherwise Respond to Complaint [Docketed in the adversary proceeding at D.I. 54].

[15] A bankruptcy court can raise the issue of permissive abstention sua sponte. Monning v. Martin (In re Bricker), 265 Fed. Appx. 141, *1 (3d Cir. Feb. 20, 2008) (citing Gober v. Terra + Corp., 100 F.3d 1195, 1207 n. 10 (5th Cir.1996)); Tonopah Solar Energy, LLC v. CMB Export, LLC (In re Tonopah Solar Energy, LLC), 2022 WL 958117, *7, Civ. A. No. 21-219 (MN) (D. Del. March 30, 2022); see also Superior Contracting Grp Inc. v. Rachmale (In re LTC Holdings, Inc.), 587 B.R. 25, 30 (Bankr. D. Del. 2018) (citing Fruit of the Loom, Inc. v. Magnetek, Inc. (In re Fruit of the Loom, Inc.), 407 B.R. 593, 598–99 (Bankr. D. Del. 2009)); LaRoche Indus., Inc. v. Orica Nitrogen (In re LaRoche Indus., Inc.), 312 B.R. 249, 256 (Bankr. D. Del. 2004).

bankruptcy court; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of the right to a jury trial; and (12) the presence of non-debtor parties.[16]

A court is vested with considerable discretion in determining whether to permissively abstain.[17]

There is no question that this court possesses subject matter jurisdiction to interpret and enforce its own orders. The parties agree that this is a core proceeding, relying on the Third Circuit's decision in In re Essar Steel Minnesota, LLC.[18] I am not so sure that this is so regarding every count of the Amended Complaint. And while the plaintiffs state that they "agree with Hilco that the Third Circuit's decision in In re Essar Steel Minnesota, 47 F. 4th 193 (3d Cir. 2022), relying on the Supreme Court's decision in Travelers Indemnity Co. v. Bailey, 557 U.S. 137 (2009), warrants the conclusion that there is "arising in" jurisdiction in this matter[,]" they also argue that under the Third Circuit's decisions in Stoe v. Flaherty, 436 F.3d 209 (3d Cir. 2006) and In re Seven Field Dev. Corp., 505 F.3d 237 (3d Cir. 2007), there may not be "arising in" jurisdiction here. Regardless, I do not need to decide this issue to rule on abstention and defer to the Massachusetts District Court's determination that there is "arising in" jurisdiction. However, simply because a matter is core it does not mean that permissive abstention is not in order. Therefore, I analyze whether abstention is appropriate under the particular facts of this proceeding.

The effect on the efficient administration of the estate. I find this factor be, at best, neutral. While it is true that Hilco might be able to pursue indemnification claims against the estate of CTS, that would be true regardless of where this matter proceeds. Any decision that this court might make on the merits of the Amended Complaint would be without consideration of whether indemnification obligations might arise. Moreover, these cases are liquidations under chapter 7. All that is left

---

[16] In re SemCrude, L.P., 428 B.R. 82, 101 (Bankr. D. Del 2010) (quoting In re Mobile Tool Int'l, 320 B.R. 552, 556–57 (Bankr. D. Del. 2005)).

[17] In re Essar Steel Minnesota, 47 F. 4th 193, 201 (3d Cir. 2022).

[18] Id. at 199 (quoting In re Allegheny Health & Research Foundation, 383 F.3d 169, 174–76 (3d Cir. 2004) (it is a core proceeding where a bankruptcy court is called on to interpret and enforce its own order) .

to do is for the chapter 7 trustee to gather and liquidate estate assets and distribute them to creditors. It is not apparent to me how the venue for this proceeding will affect the efficient administration of the debtors' estates. I do not find this factor to be particularly probative of the abstention determination.

The extent to which state law issues predominate over bankruptcy issues. None of the claims here arise under bankruptcy law. They are either Massachusetts statutory or common law claims. And while the trial court will need to analyze the effect, if any, of the Final Store Closing Order to decide Hilco's motion to dismiss, there is no magic in this court's interpretation of this order. While this court has jurisdiction to interpret and enforce these orders, it is not exclusive jurisdiction. Its authority is co-extensive with any other court of competent jurisdiction.

It is also worth noting that the Final Store Closing Order was not litigated before this court. It was approved on an interim basis without a substantive hearing after the debtors made revisions to address comments from the Office of the United States Trustee, certain landlords, and the Prepetition Agent.[19] Then, although the debtors received informal comments regarding the final form of the order – and the Official Committee of Unsecured Creditors filed a formal objection – the debtors resolved those comments and the objection and the Final Store Closing Order was entered without contest.[20] While this court reviewed the orders and determined that they should be entered, the provisions that may be interpreted in connection with this proceeding were not contested such that this court has any special insight that may be lost on a different court of competent jurisdiction. This factor favors permissive abstention.

The difficulty or unsettled nature of applicable state law. There is no indication that there are any difficult or unsettled state law issues to decide. This factor, therefore, is neutral or slightly favors continuing in this court.

---

[19] See Certification of Counsel Regarding Interim Order with Respect to Debtors' Emergency Motion for Interim and Final Orders (I)(A) Confirming, on an Interim Basis, That the Store Closing Agreement Is Operative and Effective and (B) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief [Main Case D.I. 59].
[20] See Certification of Counsel Regarding Final Order with Respect to Debtor's Emergency Motion for Interim and Final Orders (I)(A) Confirming, on an Interim Basis, that the Store Closing Agreement is Operative and Effective and (B) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief [Main Case D.I. 196].

The presence of a related proceeding commenced in state court. As the Massachusetts Court noted, there is now a related proceeding in the Massachusetts state court against the Salkovitzes.[21] This factor favors abstention.

The jurisdictional basis, if any, other than section 1334. The only jurisdictional basis here is 28 U.S.C. § 1334. This factor favors abstention.

The degree of relatedness or remoteness of the proceeding to the main bankruptcy case and the substance rather than the form of an asserted "core" proceeding. I consider these two factors together. The adversary proceeding is tangentially related to the main bankruptcy cases. The parties are non-debtors. The chapter 7 trustee and the debtors themselves are uninvolved. Should this proceeding continue here, this court would adjudicate matters arising solely among these non-debtors, and perhaps would refer to the Final Store Closing Order to weigh whether Hilco may be liable as to one or more of the counts in the Amended Complaint. But as I have noted already, any court of competent jurisdiction can do that. Finally, even assuming that this is a core proceeding because it involves interpretation of this court's orders to consider Hilco's defenses, the substance of the proceeding concerns allegations of Hilco's relationship with and actions taken respecting the plaintiffs, not the debtors. This factor favors abstention.

The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. Because the claims in this proceeding are state law claims by non-debtors against non-debtors, if there is a judgment in favor of the plaintiffs, this court will have no role in the enforcement of that judgment. The only potential knock-on effect might be whether the debtors are required to indemnify Hilco. Given that, at this juncture, there is every indication that there might be no recovery for unsecured creditors, any indemnification obligation likely would be on paper only, with little prospect of any actual recovery. This factor favors abstention.

The burden on the court's docket. I have no basis upon which to opine about how busy the Massachusetts courts may be. This factor is neutral.

The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. There is no contention that Hilco is forum shopping, and I do not perceive this to be an issue. This factor favors denial of abstention.

---

[21] Corbin v. Salkovitz, Mass. Sup. Ct., 2382cv00717.

<u>The existence of the right to a jury trial.</u> The plaintiffs assert a right to a jury trial.[22] Neither party addresses the fact, however, that this court cannot conduct a jury trial. In its submission, Hilco argues that "[t]he Massachusetts District Court also considered "the existence of a right to a jury trial" (factor 11) and found that it either did not favor remand or did not carry much weight."[23] It is worthwhile to linger for a moment on this issue.

The Massachusetts District Court addressed the right to a jury trial in two contexts. The first was when determining whether to equitably remand the claims against Hilco.[24] The second was when considering if equitable remand was warranted as to the Salkovitzes.[25]

In its analysis as to Hilco, the Massachusetts court did not expand on its reasoning that "[t]he remaining factors [one of which was the right to a jury trial] either do no favor remand or, if they do, do not carry much weight."[26]

The Salkovitz analysis, however, sheds additional light on the Massachusetts District Court's thinking. There, it found that the right to a jury trial favored remand because "the Salkovitzes assert that they will not consent to a jury trial in the Delaware Bankruptcy Court. . . . Without such consent, the transfer to the Delaware District Court would result in litigating the case in a distant forum without any advantages relating to the bankruptcy proceeding."[27] The Massachusetts District Court correctly accounted for the fact that a bankruptcy court could not conduct a jury trial without the plaintiffs' consent. However, that is not the only problem. This court cannot conduct a jury trial at all. Because the issue addressed there was only whether the claims should be remanded – and not transferred to the Delaware District Court and then referred to this court – it did not need to address the right to a jury trial component of the abstention analysis.

Context matters. The parties did not brief for the Massachusetts District Court whether this court can conduct a jury trial because that was not an issue before that court. The plaintiffs merely argued that they have a right to a jury trial,

---

[22] In support of this right, the plaintiffs cite to <u>Nei v. Burley</u>, 388 Mass. 307, 314 (1983) ("Article 12 of the Massachusetts Declaration of Rights guarantees that 'no subject shall be . . . deprived of his property, . . . but by the judgment of his peers . . . .").

[23] Hilco Merchant Resources, LLC's Supplemental Brief in Response to the Court's Request for Further Briefing on Subject-Matter Jurisdiction and Abstention [D.I. 91] at 11.

[24] <u>Corbin v. Salkovitz</u>, 2024 WL 4652481, *7–8.

[25] <u>Id.</u> at *11.

[26] <u>Id.</u> at *8.

[27] <u>Id.</u> at *11.

but without addressing whether this court could conduct one.[28] The Salkovitzes may
have assumed that this court could, but only with their consent, which they would
not give.[29] Hilco argued to the Massachusetts District Court the right to a jury trial
did not weigh strongly in favor of remand because a federal court can conduct a jury
trial.[30] Of course that is true, but only sometimes. And not in this court.

Under 28 U.S.C. § 157(e), there are two elements that must be satisfied for a
bankruptcy court to conduct a jury trial. First, the parties must consent. Second, the
bankruptcy court must be authorized by the district court to conduct the jury trial.
As my colleague Judge Mary F. Walrath has observed, "[i]n this District, the
Bankruptcy Judges have not been specially designated by the District Court to
conduct a jury trial. Therefore, even if the parties consent, we may not conduct a
jury trial."[31] When a party has a right to a jury trial, it has been the longstanding
custom in this district that the bankruptcy court presides over the action until it is
ready for trial.[32]

---

[28] Plaintiffs' Memorandum of Law in Support of Their Motion to Remand and for
Limited Jurisdictional Discovery at 15 [Docketed in this adversary proceeding at
D.I. 24].
[29] Memorandum of Law in Support of Motion of Marc Salkovitz and Pam Salkovitz
for Order (I) Remanding Proceedings to State Court, or (II) in the Alternative,
Abstaining from Hearing Removed Proceedings at 16 [Docketed in this adversary
proceeding at D.I. 19].
[30] Defendant Hilco Merchant Resources, LLC's Response to Plaintiffs' Motion to
Remand and for Limited Jurisdictional Discovery at 17 [Docketed in this adversary
proceeding at D.I. 31]; Defendant Hilco Merchant Resources, LLC's Response to
Motion of Marc Salkovitz and Pam Salkovitz for Order (I) Remanding Proceedings
to State Court, or (II) in the Alternative, Abstaining from Hearing Removed
Proceedings at 18 [Docketed in this adversary proceeding at D.I. 32].
[31] Off. Comm. of Unsecured Creditors v. Elkins (In re Integrated Health Servs. Inc.),
291 B.R. 615, 622 (Bankr. D. Del. 2003) (granting motion to abstain).
[32] See, e.g., Zazzali v. 1031 Exchange Grp. (In re DBSI, Inc.), 467 B.R. 767, 775
(Bankr. D. Del. 2012) (denying motion to dismiss where defendant asserted that
right to jury trial warranted dismissal); DHP Holdings II Corp. v. Peter Skop
Indus., Inc. (In re DHP Holdings II Corp., 435 B.R. 220, 232–33 (Bankr. D. Del.
2010) (granting motion for abstention and finding that where defendant had right to
a jury trial and matter would have to be tried in "extremely overburdened" district
court, abstention was warranted and further noting that it lacked authority to
conduct jury trials); LaRoche Indus., Inc. v. Orica Nitrogen LLC (In re LaRouche
Indus., Inc.), 312 B.R. 249, 255 (Bankr. D. Del. 2004).

That a jury trial is not available in this court does not compel abstention, however. This court could retain the adversary proceeding and the plaintiffs could move to withdraw the reference when the matter is ready for trial.[33] This court is sensitive to the fact that this matter already has moved around from court to court. But no matter what this court decides, it will not be the one that is likely to hear this matter should it go to trial. It would be far more efficient therefore for one court to preside over all aspects of the proceeding. That cannot be this court. Therefore, this factor favors abstention.

The presence of non-debtor parties. There are no debtor parties to this proceeding. This factor favors abstention.

These factors overwhelmingly militate in favor of permissive abstention, and therefore the court will abstain under 28 U.S.C. § 1334(c)(1). I request that the parties settle an appropriate form of order and submit it for my consideration under certification of counsel.

Sincerely,

Thomas M. Horan
_____
Thomas M. Horan
United States Bankruptcy Judge

---

[33] Essar Steel Minn. LLC v. Cleveland-Cliffs, Inc. (In re Essar Steel Minn., LLC), 2024 WL 4047451, *7, Adv. Pro. No. 17-51210 (CTG) (Bankr. D. Del. Sept. 4, 2024) (citing In re Big V Holding Corp., D. Del. No. 01-233, 2002 WL 1482392 at *5, 2002 U.S. Dist. Lexis 12609 at *17–18 (D. Del. July 11, 2002) ("Withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is 'trial ready.'  It would be premature to withdraw the reference to the bankruptcy court based upon the unfixed proposition that a jury trial may occur in the future.") (internal citation omitted)).