**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Adversary No. 25-50003-TMH |
| HILCO MERCHANT RESOURCES, LLC, | ) ) ) | **Related Adv. D.I. 93** |
| Defendant. | ) | |

**DEFENDANT HILCO MERCHANT RESOURCES, LLC'S MOTION TO AMEND
FINDINGS, ALTER OR AMEND JUDGMENT, AND/OR FOR RELIEF FROM ORDER**

Defendant Hilco Merchant Resources, LLC ("Hilco") files this motion to amend findings, alter or amend judgment, and/or for relief from order, under Rules 7052, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, states:

1.      Hilco asks this Court to reconsider its December 4, 2025 decision on abstention ("Abstention Order") to address the application of the "law of the case" doctrine to the earlier Massachusetts District Court decision. Application of this doctrine is a threshold determination that the Court did not pass upon in its Abstention Order.  The Massachusetts District Court ruled that subject-matter jurisdiction exists and that, even though some of the case would go back to Massachusetts state court, equitable remand and permissive abstention as to Hilco are not appropriate.  *Corbin v. Salkovitz*, No. 1:23-cv-12807-IT, 2024 WL 4652481, at *6–9 (D. Mass. Nov. 1, 2024).  Because the Massachusetts District Court did not commit clear error in reaching its abstention decision under § 1334(c)(1) of title 28 of the United States Code, under the law of the case doctrine as applied in the Third Circuit, the Massachusetts District Court's ruling on abstention was dispositive of the abstention issue. Therefore, this Court should reconsider its

Abstention Order and make a finding as to the law of the case doctrine and ultimately conclude that it should preside over this case.

2.      Under the law of the case doctrine, which Hilco briefed in its October 29, 2025 submission regarding subject matter jurisdiction and abstention, before this Court could make its own jurisdiction and abstention findings it was required to consider the transferor court's prior rulings, including on abstention under 28 U.S.C. § 1334(c)(1), and whether any of those rulings were clearly erroneous or whether there has been new law or new evidence created since that ruling that would permit the transfer order to be thrown out. *See, e.g., Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988) (transferee courts should "strictly adhere" to law of the case doctrine regarding transfer decisions); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982) (emphasizing importance of judicial comity by transferee courts); *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 443 (3d Cir. 2009) (vacating and remanding post-transfer order that "violated the law of the case doctrine" because the lower court "failed to find any extraordinary circumstance" before overturning a ruling by the transferor court). If not, Third Circuit precedent requires that the prior ruling be given deference and not be revisited.

3.      The Massachusetts District Court already found that permissive abstention was unwarranted, and, consequently, severed the case.  Applying different permissive abstention tests or factors based on the applicable Circuit or coming to a different conclusion than the transferor court about the same factors does not amount to clear error that would permit the transfer order to be overturned. *See In re SemCrude, L.P.*, 428 B.R. 82, 103 (Bankr. D. Del. 2010) (finding that transferor court rulings on permissive abstention are "nearly dispositive" under the law of the case doctrine). That should be particularly true where the opposing party in this case sought either equitable remand or permissive abstention, the transferor court considered the merits of both

parties' positions and rejected the request to abstain or equitably remand in a merits-based ruling. Such a finding must be given deference absent clear error or extraordinary circumstances, neither of which are present here.

4.        Contemporaneously with this filing, Hilco has filed a memorandum of law in support of its motion for reconsideration, the contents of which are incorporated as if fully set forth herein. For the reasons set forth in this motion, and in its accompanying memorandum of law, Hilco asks the Court to defer to the Massachusetts District Court on abstention under the law of the case doctrine, retaining the case for pre-trial matters.

Dated: December 17, 2025                              Respectfully submitted,

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (No. 4083)
Alison R. Maser (No. 7430)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
maser@chipmanbrown.com

J. David Duffy (Admitted pro hac vice)
Christina M. Berish (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
dduffy@thompsoncoburn.com
cberish@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*