**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HILCO MERCHANT RESOURCES, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary No. 25-50003-TMH<br><br>**Related Adv. D.I. 93** |

**LEGAL MEMORANDUM IN SUPPORT OF DEFENDANT HILCO MERCHANT
RESOURCES, LLC'S MOTION TO AMEND FINDINGS, ALTER OR AMEND
JUDGMENT, AND/OR FOR RELIEF FROM ORDER**

Mark L. Desgrosseilliers (No. 4083)
Alison R. Maser (No. 7430)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
maser@chipmanbrown.colm

J. David Duffy (Admitted pro hac vice)
Christina M. Berish (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
dduffy@thompsoncoburn.com
cberish@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*

Defendant Hilco Merchant Resources, LLC ("Hilco") files this legal memorandum in support of its motion to amend findings, alter or amend judgment, and/or for relief from order, pursuant to Rules 7052, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, states:

**INTRODUCTION**

Hilco asks this Court to reconsider its December 4, 2025 decision on abstention to address the threshold issue of the "law of the case" doctrine. Because the Massachusetts District Court did not commit clear error in reaching its decision on abstention under § 1334(c)(1) of title 28 of the United States Code and this Court has not found otherwise, Hilco asks the Court to defer to the Massachusetts District Court's ruling on abstention, grant this motion, and preside over this case.

When the parties filed supplemental briefs on October 29, 2025 to provide legal authority on jurisdiction and abstention as requested by the Court, in that supplemental brief, Hilco included authority on the law of the case doctrine but no ruling on the threshold issue has yet been rendered. The law of the case doctrine presents a threshold issue which should be considered before this Court can revisit permissive abstention. Under the law of the case doctrine, this Court must consider what rulings were previously made by the transferor court and whether any of those rulings were clearly erroneous or whether extraordinary circumstances exist that would permit the transfer order to be thrown out. If not, that prior ruling must be given deference and cannot be revisited.

The Massachusetts District Court already found that permissive abstention was unwarranted, and, consequently, severed the case. Under the law of the case doctrine, as applied by the Third Circuit, once a transferor court has already made a decision—including on abstention under 28 U.S.C. § 1334(c)(1)—a transferee court must defer to that decision unless clear error or other extraordinary circumstances arising after the decision. Applying different tests or factors

based on the applicable Circuit or coming to a different conclusion than the transferor court about the same factors does not amount to clear error. Without clear error or other extraordinary circumstances that are not present, Hilco asks the Court to defer to the Massachusetts District Court on abstention under the law of the case doctrine, retaining the case or for pre-trial matters.

## RELEVANT BACKGROUND

Plaintiffs Christopher Corbin and Rich Seronick ("Plaintiffs") filed a Class Action Complaint against Marc Salkovitz and Pam Salkovitz (collectively, the "Salkovitzes") and Hilco in the Superior Court of Plymouth County, in the Commonwealth of Massachusetts, styled *Christopher Corbin, et al. v. Marc Salkovitz, et al.*, No. 2383-cv-00717. (D.I. 12, at 1–8). Hilco removed the case to the United States District Court for the District of Massachusetts (the "Massachusetts District Court"), and on December 7, 2023, Hilco moved to transfer this case to the United States District Court for the District of Delaware. (D.I. 13). On December 18, 2023, Plaintiffs and the Salkovitzes sought remand to state court. (D.I. 18 & 23). Plaintiffs argued in their motion for remand that the Massachusetts District Court should find that subject-matter jurisdiction was lacking and that permissive abstention under 28 U.S.C. § 1334(c)(1) and/or equitable remand under 28 U.S.C. § 1452(b) were warranted. (D.I. 24, at 13–15).

The Massachusetts District Court rejected Plaintiffs' and the Salkovitzes' arguments and entered an order severing Plaintiffs' claims against Hilco from Plaintiffs' claims against the Salkovitzes, granting Hilco's motion to transfer venue as to the claims against Hilco, and granting the motions for remand only as to Plaintiffs' claims against the Salkovitzes (the "Transfer Order"). (D.I. 38). As a result, the claims against the Salkovitzes were remanded, and Plaintiffs' claims against Hilco were transferred to the United States District Court for the District of Delaware. (D.I. 40 & 42).

The Massachusetts District Court ruled that subject-matter jurisdiction exists and that, even though some of the case would return to Massachusetts state court, equitable remand and permissive abstention as to Hilco are not warranted. *Corbin v. Salkovitz*, No. 1:23-cv-12807-IT, 2024 WL 4652481, at *6–9 (D. Mass. Nov. 1, 2024). The Massachusetts District Court, like this Court in its December 4, 2025 ruling, noted that bankruptcy courts have jurisdiction over civil proceedings "arising in" bankruptcy cases, which extends to disputes, like this one, arising from Hilco's engagement in the bankruptcy and requiring interpretation and enforcement of orders issued during a bankruptcy case.[1] *Id.* at *6 (citing *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 662–63 (1st Cir. 2017); *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 68 (1st Cir. 2002)).

The Massachusetts District Court, weighing a number of factors, determined that neither equitable remand nor permissive abstention were warranted as to Plaintiffs' claims against Hilco. *Id.* at *7–9. The Massachusetts District Court stated, "Hilco's involvement in this action derives from the bankruptcy proceedings. In light of that role, and the need to interpret a bankruptcy court order, the court cannot find that the interest of justice is served by remanding the claims against Hilco. Therefore, this court finds that permissive remand is also not warranted for the claims against Hilco." *Id.*

After transfer to this Court, Plaintiffs filed a First Amended Class Action Complaint against Hilco (the "Amended Complaint").[2] Hilco thereafter filed a motion to dismiss, which is fully briefed. (D.I. 77, 84, 85).

---

[1] On or about May 5, 2023, Christmas Tree Shops, LLC ("CTS" or "Debtor") and certain of its affiliates (collectively, the "Debtors") filed then Chapter 11 bankruptcy cases before this Court, styled as *In re Christmas Tree Shops, LLC, et al.*, Case No. 23-10576-TMH (the "Bankruptcy Cases"). A court may take judicial notice of another court's docket, docket entries, and orders. *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

[2] In this proceeding, Plaintiffs have filed claims against Hilco. Plaintiffs have not alleged claims against the lender, ReStore Capital LLC.

On September 24, 2025, at a status conference, this Court directed the parties to file supplemental briefing as to the Court's subject-matter jurisdiction and abstention. (D.I. 89). In so doing, the Court stated, "[t]he opinion [from the Massachusetts District Court] relies on First Circuit law, and I feel that I need to assess whether, under Third Circuit law, I do have subject-matter jurisdiction, and if I do, I'm also interested in whether permissive abstention is warranted in this matter." (*Id.*). This Court continued, "[w]hat I think I would like to do is ask the parties to submit letter briefs on the question of whether this Court has subject-matter jurisdiction. I understand it was argued in Massachusetts, but again, there is a question at least of whether the First Circuit standard is the same as the Third Circuit standard, and, you know, an additional color from the parties on their views on permissive abstention because it frankly is something I would consider should I find that I do have subject-matter jurisdiction." (*Id.*).

In its supplemental brief, Hilco argued that the "law of the case" doctrine precluded this Court from revisiting the Massachusetts District Court's rulings on subject-matter jurisdiction or permissive abstention without first finding that the Massachusetts District Court committed clear error or that new evidence or a supervening new law had been announced in the time since the Massachusetts District Court issued its decision. (D.I. 91, at 12–14).

In its December 4, 2025 ruling, the Court ruled that it will abstain from hearing this case under 28 U.S.C. § 1334(c)(1). (D.I. 93, at 1). This Court's ruling acknowledged that the Massachusetts District Court found, as to Plaintiffs' claims against Hilco, that subject-matter jurisdiction exists and that permissive abstention is not warranted. (*Id.* at 4). As this Court summarized, "[t]he Massachusetts District Court found that there was 'arising in' jurisdiction as to Hilco – but not the Salkovitzes – because the trial court would be called upon to interpret the Final Store Closing Order." (*Id.*).

Additionally, this Court acknowledged that the Massachusetts District Court determined "abstention was not warranted." (*Id.*). However, the Court did not determine that the Massachusetts District Court's ruling was clearly erroneous. Instead, the Court sua sponte engaged in an abstention analysis. (*Id.* at 6 ("I do not need to decide this issue to rule on abstention and defer to the Massachusetts District Court's determination that there is 'arising in' jurisdiction.")). The Court weighed various factors regarding abstention and ultimately decided, contrary to the determination of the Massachusetts District Court, to permissively abstain from hearing this case under 28 U.S.C. § 1334(c)(1). (*Id.* at 11). This Court ultimately concluded, "[t]hese factors overwhelmingly militate in favor of permissive abstention, and therefore the court will abstain under 28 U.S.C. § 1334(c)(1)." (*Id.*).

The Court's ruling did not address Hilco's arguments regarding the "law of the case" doctrine. Because of the applicable Third Circuit precedent on the "law of the case" doctrine and the law of the case doctrine being a threshold issue, Hilco respectfully seeks reconsideration under Bankruptcy Rules 7052, 9023, and/or 9024.

## LEGAL STANDARD

Bankruptcy Rule 7052 makes Rule 52 of the Federal Rule of Civil Procedure (the "Federal Rules") applicable in adversary proceedings and permits a motion for amended or additional findings to be filed within 14 days after entry of judgment. Bankruptcy Rule 9023 makes Federal Rule 59 applicable in cases under the Bankruptcy Code, permitting motions for a new trial or to alter or amend judgment within 14 days after entry of judgment. Bankruptcy Rule 9024 makes Federal Rule 60 applicable in cases under the Bankruptcy Code, permitting motions for relief from a judgment or order.

Typically, "[a] motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288

(3d Cir. 2003) (internal quotation marks omitted); *see also In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa. 2019) ("It is well settled that a 'motion for reconsideration' is the 'functional equivalent' of a motion to alter or amend judgment under Rule 59(e).") (quoting *Ironworks Patents, LLC v. Apple, Inc.*, 255 F.Supp.3d 513, 521 (D. Del. 2017)). "The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Ironworks Patents, LLC*, 255 F.Supp.3d at 521 (quoting *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted." *Id.* (citing *Max's Seafood Cafe*, 176 F.3d at 677). Here, Hilco asks the Court to correct an error of law or injustice.

"The test for determining whether to grant a motion to amend pursuant to Rule 52(b) substantially mirrors the test for granting a motion brought pursuant to Rule 59(e)." *In re Marinari*, 596 B.R. 809, 818 (Bankr. E.D. Pa. 2019). "A motion to amend a court's findings must be based on a 'manifest error of law or mistake of fact,' on newly discovered evidence, or on the court's need to clarify the record for appeal." *Id.* (quoting *Perotti v. Perotti (In re Perotti)*, No. 1:07-BK-01889MDF, 2008 WL 5158275, at *1 (Bankr. M.D. Pa. Oct. 22, 2008)). Under these rules, reconsideration should be granted "when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *Einhorn v. Kaleck Bros., Inc.*, 713 F.Supp.2d 417, 426 (D.N.J. 2010) (internal quotation marks omitted); *see also In re Marshall*, 636 B.R. 396, 404–05 (E.D. Pa. 2021).

Lastly, a motion for relief under Federal Rule 60(b) permits reconsideration for reasons including "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under these Rules, the Court may amend or reconsider its December 4, 2025 decision.

## ARGUMENT

**I.  Under the "law of the case" doctrine and Third Circuit precedent, the Court cannot disregard the Massachusetts District Court's abstention decision absent a finding of clear error or extraordinary circumstances that are not present.**

As the Third Circuit has explained, "[t]he law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997). "The doctrine applies 'as much to the decisions of a coordinate court in the same case as to a court's own decisions.'" *Id.* (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988)). Under the law of the case doctrine, a court should not revisit a prior decision unless: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 117 (citing *Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 103 (3d Cir. 1992); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169–70 (3d Cir. 1982); *see also In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009).

"With respect to demonstrating clear error, it is insufficient to show that a judgment is probably wrong; instead, clear error requires a showing that the judgment is *dead wrong*." *In re Flabeg Solar US Corp.*, 566 B.R. 144, 147 (Bankr. W.D. Pa. 2017) (emphasis in original) (citation omitted). The manifest injustice standard requires "an error that is indisputable, plain, and/or obvious." *Id.* In the mandamus context, the Third Circuit has described the requisite "clear error of law" as one "approach[ing] the magnitude of an unauthorized exercise of judicial power, or a

failure to use that power when there is a duty to do so." *Lusardi v. Lechner*, 855 F.2d 1062, 1069 (3d Cir. 1988) (citations omitted).

It is not enough that two courts may have different standards for analyzing an issue or that a different conclusion can be reached under those standards. For example, in *Christianson*, the Supreme Court addressed a case in which the Federal Circuit and Seventh Circuit disagreed on a jurisdictional issue. 486 U.S. at 806, 817. The Federal Circuit found that the Seventh Circuit had jurisdiction and transferred the case there, after which the Seventh Circuit decided the Federal Circuit's decision was "clearly wrong" and transferred the case back. *Id.* at 806. The Federal Circuit, in turn, found that the Seventh Circuit's decision was "clearly wrong" but nevertheless proceeded to address the merits of the case. *Id.* at 807. The Supreme Court held that the Federal Circuit had decided on a rule of law, and "the law of the case was that the Seventh Circuit had jurisdiction." *Id.* at 817. The Supreme Court found that the Seventh Circuit departed from the law of the case by reaching a contrary conclusion and transferring the case back. *Id.* at 817. The Supreme Court vacated the judgment of the Federal Circuit and remanded the case with instructions to transfer the case back to the Seventh Circuit. *Id.* at 819. The Supreme Court instructed that courts should encourage quick resolution of transfer questions and "should achieve this end by *adhering strictly to principles of law of the case*." *Id.* at 819 (emphasis added). While cases may arise in which the transferee court considers the transfer "clearly erroneous," the Supreme Court explained that "[t]he doctrine of the law of the case is . . . a heavy deterrent to vacillation on arguable issues." *Id.* (internal quotation marks omitted). Thus, a transferee court should defer to the transfer decision of another court so long as the transfer decision is plausible. *Id.*; *see also In re Winstar Commc'ns, Inc.*, 435 B.R. at 42 (applying *Christianson* to a New York

District Court's decision that permissive abstention under 28 U.S.C. § 1334(c) was improper and adhering to the transferor court's decision under the law of the case doctrine).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816 (collecting cases). In fact, the law of the case doctrine applies "with even greater force" following transfer. *See id.* Thus, a transferor court's rulings on permissive abstention are "nearly dispositive" under the law of the case doctrine. *In re SemCrude, L.P.*, 428 B.R. 82, 103 (Bankr. D. Del. 2010) (applying the law of the case doctrine to transferor court's determination that permissive abstention was not warranted). Indeed, "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Christianson*, 486 U.S. at 816.

The Third Circuit has emphasized the importance of "judicial comity," which serves "to preserve the orderly functioning of the judicial process," in cautioning transferee courts against revisiting determinations by the transferor court. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1982). "Adherence to law of the case principles is even more important in this context where the transferor judge and the transferee judge are not members of the same court. Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority." *Id.* at 169 (citing *Hoffman v. Blaski*, 363 U.S. 335, 348–49 (1960) (Frankfurter, J., dissenting); *Chicago & N.W. Transp. Co. v. United States*, 574 F.2d 926, 930 (7th Cir. 1978)).

The law of the case doctrine additionally exists, like here where plaintiffs oppose transfer and sought equitable remand and permissive abstention, to prevent litigants from getting a second bite at the apple. *See id.* at 168–69 ("If the party opposing the transfer believes the decision is

erroneous, it can either seek reconsideration in the transferor court, or else petition for a writ of mandamus in the court of appeals of the circuit in which the transferor court is located.") (citations omitted); *see also Minard Run Oil Co. v. U.S. Forest Service*, 549 F. App'x 93, 98 (3d Cir. 2013) ("These arguments could have been raised earlier and are precisely the kinds of arguments precluded from consideration under the law of the case.").

Hilco argued in its supplemental brief that the law of the case doctrine applies here and precludes this Court from revisiting the Massachusetts District Court's rulings on subject-matter jurisdiction or permissive abstention due to the lack of clear error, new evidence, or a supervening new law announced since the Massachusetts District Court issued its decision. (D.I. 91, at 12–14).

This Court's ruling did not address Hilco's law of the case argument before the Court engaged in its own independent permissive abstention analysis. Had the Court addressed the threshold issue whether it could revisit the ruling, it would have determined it could not do so. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439, 443 (vacating and remanding post-transfer order that "violated the law of the case doctrine" because the lower court "failed to find any extraordinary circumstance" before overturning a ruling by the transferor court). The failure to conduct this analysis warrants reconsideration of this threshold issue and a different result. *See Einhorn*, 713 F.Supp.2d at 426 (reconsideration is appropriate when "the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered.") (internal quotation marks omitted); *see also In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439, 443; *In re SemCrude, L.P.*, 428 B.R. at 101–03; *In re Winstar Commc'ns, Inc.*, 435 B.R. 33, 41–42 (Bankr. D. Del. 2010). Indeed, because the transferor court

decided permissive abstention is not appropriate, "[t]his case falls squarely within the law of the case doctrine." *In re Winstar Commc'ns, Inc.*, 435 B.R. at 41.

**II.     The Massachusetts District Court committed no clear error and no new evidence or supervening new law has been announced that could support overruling it.**

The Massachusetts District Court did not commit clear error in its analysis and none of the recognized extraordinary circumstances exist.  The Massachusetts District Court found that neither equitable remand under 28 U.S.C. § 1452(b) nor permissive abstention under 28 U.S.C. § 1334(c)(1) were warranted as to Plaintiffs' claims against Hilco.  *Corbin v. Salkovitz*, No. 1:23-cv-12807-IT, 2024 WL 4652481, at *7–9 (D. Mass. Nov. 1, 2024).  In first addressing equitable remand, the Massachusetts District Court considered the following factors:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) federal-state comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

*Id.* at *7 (citing *In re Santa Clara County Child Care Consortium*, 223 B.R. 40, 46 (1st Cir. BAP 1998)).  The Massachusetts District Court then addressed permissive abstention, additionally considering:

> (1) the extent to which state law issues predominate over bankruptcy issues, (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court, and (3) the likelihood that the commence of the proceeding in bankruptcy court involves forum shopping by one of the parties.

*Id.* at *9 (citing *Haber v. Massey*, 904 F.Supp. 2d 136, 147 (D. Mass. 2012)).  Based on the above factors, the Massachusetts Court found that neither equitable remand nor permissive abstention were appropriate.

"Courts in the Third Circuit have employed either a seven-factor or twelve-factor test to determine whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate." *Topfer v. Topfer*, 658 B.R. 668, 673 (M.D. Pa. 2024) (citing *Jazz Photo Corp. v. Dreier LLP*, No.

Civ.A. 05–5198DRD, 2005 WL 3542468, at *7 (D.N.J. Dec. 23, 2005); *Bricker v. Martin*, 348

B.R. 28, 34 (W.D. Pa. 2006)).  The seven-factor test employed by some courts in the Third Circuit

includes:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent
> to which issues of state law predominate; (3) the difficulty or unsettled nature of
> the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of
> the proceeding to the main bankruptcy case; (6) the existence of the right to a jury
> trial; and (7) prejudice to the involuntarily removed defendants.

*In re Virella*, 661 B.R. 199, 210 (Bankr. D.N.J. 2024) (quoting *Jazz Photo Corp.*, 2005 WL

3542468, at *7–8).  Notably, these seven factors are the *exact same* as those considered by the

Massachusetts District Court when it analyzed equitable remand.  This is unsurprising because

courts routinely address equitable remand and permissive abstention under these statutes together.

*See In re G–I Holdings, Inc.*, 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The equitable

considerations relevant to determine the appropriateness of equitable remand and permissive

abstention under Sections 1452(b) and 1334(c)(1), are essentially identical, and therefore a court's

analysis is substantially the same for both types of relief.") (citation omitted); *see also Keybank*

*Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 233 (Bankr. S.D.N.Y. 2019) ("As the

permissive abstention and equitable remand factors overlap significantly, the Court analyzes them

together.").  In other words, the Massachusetts District Court's opinion expressly considered a

group of factors approved by multiple courts in the Third Circuit in addressing permissive

abstention.

    As this Court pointed out, other courts in the Third Circuit "consider up to 12 factors"

relevant to permissive abstention, including:

> (1) the effect on the efficient administration of the estate; (2) the extent to which
> state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled
> nature of applicable state law; (4) the presence of a related proceeding commenced
> in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other

- 12 -

than section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of the right to a jury trial; and (12) the presence of non-debtor parties.

(D.I. 93, at 5–6 (quoting *In re SemCrude, L.P.*, 428 B.R. 82, 101 (Bankr. D. Del 2010))). Again, of this twelve-factor test, the Massachusetts District Court's analysis of equitable remand and permissive abstention encapsulate an overwhelming majority of these factors. Of the factors not explicitly discussed in that analysis, several were discussed elsewhere in the decision or were nevertheless known by the Massachusetts District Court—for example, factor 5, that there was no other jurisdictional basis, factor 8, the feasibility of severance, and factor 12, that the parties were non-debtors. Moreover, courts in the Third Circuit have acknowledged that the seven-factor and twelve-factor tests are "substantially similar" and "not all the factors necessarily need to be considered." *Topfer*, 658 B.R. at 673 (quoting *Monmouth Investor, LLC v. Saker*, No. 09–3063 (FLW), 2010 WL 143687, at *4 (D.N.J. Jan. 12, 2010)).

In any event, the Massachusetts District Court's analysis of equitable remand and permissive abstention demonstrates its decision was not clearly erroneous. This is simply not a situation in which "the earlier decision was clearly erroneous and would create manifest injustice." *Magnesium Elektron*, 123 F.3d at 117 (citations omitted). The Massachusetts District Court considered factors from a test employed by multiple courts in the Third Circuit, and it had broad discretion in weighing those factors to decide that permissive abstention was not warranted.

None of the other "extraordinary circumstances" recognized by the Third Circuit as permitting deviation from the law of the case are present here. *See Magnesium Elektron*, 123 F.3d at 117; *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439. There has been no new

evidence nor has there been a supervening new law announced since the Massachusetts District Court entered its decision. Accordingly, reconsideration of this Court's ruling on abstention is warranted. *See In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439, 443; *In re SemCrude, L.P.*, 428 B.R. at 101–03; *In re Winstar Communications, Inc.*, 435 B.R. at 41–42.

## CONCLUSION

Under the law of the case doctrine, before undertaking an independent permissive abstention analysis, this Court had to first determine whether the Massachusetts District Court committed clear error when it determined permissive abstention is not warranted as to Hilco. Because the Massachusetts District Court committed no clear error, this Court should reconsider its December 4, 2025 ruling.

Dated: December 17, 2025

Respectfully submitted,

*/s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (No. 4083)
Alison R. Maser (No. 7430)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
desgross@chipmanbrown.com
maser@chipmanbrown.com

J. David Duffy (Admitted pro hac vice)
Christina M. Berish (Admitted pro hac vice)
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
dduffy@thompsoncoburn.com
cberish@thompsoncoburn.com

*Counsel for Hilco Merchant Resources LLC*