**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>       *Debtor.* | Chapter 7<br> Case No. 23-10576 (TMH)<br> (Jointly Administered) |
| CHRISTOPHER CORBIN and RICH SERONICK, Individually, and on behalf of all others similarly situated,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>HILCO MERCHANT RESOURCES, LLC,<br><br><br>      *Defendant.* | Adversary No. 25-50003-TMH<br><br><br><br>**Related D.I. 93** |

**ORDER**

Upon the Certification of Counsel (the "Certification of Counsel"); and this Court having jurisdiction to consider the Certification of Counsel pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; this Court having issued a Letter Opinion on Its Ruling on Abstention on December 4, 2025 [D.I. 93] (the "Opinion"); it appearing that sufficient notice of the Certification of Counsel has been given; after due deliberation thereon; and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).  The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346..

- 1 -

A.      In its December 4, 2025 Opinion, this Court decided to permissively abstain from hearing this matter under 28 U.S.C. § 1334(c)(1).

B.      On December 17, 2025, Defendant Hilco Merchant Resources, LLC ("Hilco") filed a motion to amend findings, alter or amend judgment, and/or for relief from the order pursuant to Bankruptcy Rules 7052, 9023, and 9024, seeking reconsideration of this Court's permissive abstention ruling based on the "law of the case" doctrine.  [D.I. 94 & 95].

C.      Plaintiffs Christopher Corbin and Rich Seronick ("Plaintiffs") intend to oppose Hilco's motion and believe that because this Court has permissively abstained, equitable remand to the Superior Court of Massachusetts, Plymouth County is appropriate under 28 U.S.C § 1452(b) per the Third Circuit's ruling in *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263 (3rd Cir. 2002) .

**NOW, THEREFORE**, based upon the foregoing findings and the record before the Court, and good and sufficient cause having been shown for the entry of this Order, it is hereby

**ORDERED THAT:**

1.      Because Hilco is seeking reconsideration of this Court's permissive abstention ruling, the Court will resolve Hilco's motion before determining whether to remand this case to state court, return the case to the Delaware district court, or transfer the case back to the Massachusetts district court.

2.      The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

*Thomas M. Horan*

**Dated: December 30th, 2025**        **THOMAS M. HORAN**
**Wilmington, Delaware**        **UNITED STATES BANKRUPTCY JUDGE**