**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| Christopher Corbin and Rich Seronick,<br>Individually, and on behalf of all others<br>similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Hilco Merchant Resources, LLC,<br><br>        Defendant. | Adversary No. 25-50003 (TMH) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT HILCO MERCHANT RESOURCES, LLC'S MOTION TO AMEND FINDINGS, ALTER OR AMEND JUDGMENT, AND/OR FOR RELIEF FROM ORDER**

Plaintiffs Christopher Corbin and Rich Seronick, individually and on behalf of all other similarly situated (the "Plaintiffs") file this legal memorandum in opposition to Defendant Hilco Merchant Resources, LLC's ("Hilco") motion to amend findings, alter or amend judgment, and/or for relief from order (the "Motion").

**INTRODUCTION**

Plaintiffs' opposition is brief, because as explained in their initial memorandum regarding subject matter jurisdiction and permissive abstention, they are largely ambivalent about the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

outcome of this issue. On the one hand, Plaintiffs would like to see the substance of their claims addressed forthwith given the procedural history[2] in the matter. On the other hand, Plaintiffs cannot, as they noted in their initial memorandum, review the relevant permissive abstention factors and conclude any differently than this Court: that the relevant factors "overwhelmingly militate in favor of permissive abstention." (D.I. 93, at 11). Ultimately, because the Plaintiffs' initial position was that their entire case (against both the Salkovitzes and Hilco) ought to be in Massachusetts state court, they maintain that position here.

To that end, Hilco's instant Motion is largely much ado about nothing. It exaggerates the "law of the case" doctrine and misapprehends the Massachusetts District Court's decision which, without the benefit of this Court's view on permissive abstention, rejected Plaintiffs' request to remand the claims against Hilco to Massachusetts state court and transferred the matter to the District of Delaware. This Court should reaffirm its Abstention Decision and remand the case to Plymouth County Superior Court pursuant to 28 U.S.C. § 1452(b).

## ARGUMENT

**I.      The Law Of The Case Doctrine Does Not Bar This Court From Abstaining.**

The "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *In re RBGSC Inv. Corp.*, 253 B.R. 352, 363 (E.D. P.a. 2000) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). To depart from a prior decision, "the court must explain on the record the reasoning behind its decision to reconsider the prior ruling" and "take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling." *Id*. (citing *Raquel v. Education Management Corp.*, 196 F.3d 171, 183 (3d Cir. 1999).

---

[2] The Court is familiar with the procedural history in this matter as it aptly set forth in its December 4, 2025 decision on abstention ("Abstention Decision").

The Court's Abstention Decision did just that. It explained at length "the reason behind its decision to reconsider the prior ruling" by first discussing the Massachusetts District Court's decision in detail and then turning its attention to each permissive abstention factor.[3] In that vein, Hilco presents the law of the case analysis as though this Court must find the Massachusetts District Court committed clear error in order for it to abstain. That is not the law. Courts in the Third Circuit have espoused various "extraordinary circumstances" that warrant reconsideration of a prior ruling (e.g., new evidence, supervening new law, appearance of manifest injustice), but there is nothing which suggests that extraordinary circumstances are required to revisit an earlier decision or that the reasons prior decisions have relied upon were intended to be exhaustive. *In re RBGSC Inv. Corp.*, 352 B.R. at 364-365.

Here, the most common sense reading of the Massachusetts District Court's decision is not that it felt this Court must hear this case, and therefore permissive abstention (presumably followed by equitable remand) is categorically inappropriate, but rather this Court should simply decide the course of the case in the first instance. Even a cursory reading of the Massachusetts District Court's decision demonstrates that it did not possess all of the relevant facts when it conducted its permissive abstention analysis, such that initial deference to this Court made sense.

For example, the Massachusetts District Court was under the impression that Plaintiffs' claim "against Hilco . . . has a significant likelihood of affecting the administration of the bankruptcy estate . . . ." *Corbin v. Salkovitz*, 2024 WL 4652481, at *7 (D. Mass. 2024). It did not appreciate, as this Court noted in the Abstention Decision, that Plaintiffs' claims against Hilco will in fact have no practical effect on Christmas Tree Shop's bankruptcy estate because "[a]ll that is left to do is for the chapter 7 trustee to gather and liquidate estate assets and distribute them to

---

[3] There is also no prejudice to Hilco arising from the Court's Abstention Decision. If any party is prejudiced, it is the Plaintiffs who will endure additional delay in having their claims adjudicated on the merits.

creditors." (D.I. 93, at 7). The Massachusetts District Court also did not discuss the jury trial factor like this Court did in its Abstention Decision and certainly did not appreciate this Court's view on the Store Closing Order. (D.I. 93, at 7, 9-11). At bottom, it was not unreasonable for the Massachusetts District Court to determine that the case should go to this Court in the first instance, but that decision, without anything close to this Court's appreciation of the facts relevant to the applicable abstention factors, is not a sufficient basis to categorically bar this Court from taking up section 1334(c)(1) abstention as it has.

Because the relevant "factors overwhelmingly militate in favor of permissive abstention," this Court should reaffirm its Abstention Decision.

## II.    After Reaffirming Its Abstention Decision, The Court Should Equitably Remand The Case To Plymouth County Superior Court Pursuant to 28 U.S.C. § 1452(b).

Assuming the Court denies Hilco's Motion and reaffirms the Abstention Decision, it should remand this case back to Plymouth County Superior Court pursuant to 28 U.S.C. § 1452(b). In relevant part, the statute states:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

"Once a district court determines that it either must abstain from hearing a removed case pursuant to 1334(c)(2) or should abstain pursuant to 1334(c)(1)'s permissive abstention provisions, it can consider whether there is reason for the suit to proceed in state court." *Stoe v. Flaherty*, 436 F.3d 209, 215 (3d Cir. 2006). "If so, there will be an 'equitable ground' justifying remand under § 1452(b)." *Id* (citing *Parrett v. Bank One, N.A.*, 323 F.Supp.2d 861, 878 (S.D. Oh. 2004) (collecting cases)). The Abstention Decision as a whole acknowledged that there is good reason for this case to proceed in state court, specifically noting that "there is now a related proceeding in the

Massachusetts state court against Salkovitzes." (D.I. 93, at 8). As such, equitable remand pursuant to 28 U.S.C. § 1452(b) is appropriate and this Court has the authority to order a remand directly to Plymouth County Superior Court. *See Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 270-271 (3d Cir. 2002) (explaining that a federal court may remand a matter to the state court of another state from which the matter was originally removed pursuant to 28 U.S.C. § 1452(b)).

## **CONCLUSION**

For the foregoing reasons, Hilco's Motion should be **DENIED**.

| | |
|---|---|
| Dated:  December 30, 2025<br>Wilmington, Delaware | */s/ Katharina Earle*<br>Katharina Earle, Esq. (No. 6348)<br>**GIBBONS P.C.**<br>300 Delaware Avenue, Suite 1015<br>Wilmington, Delaware 19801-1671<br>Telephone: (302) 518-6300<br>E-mail: kearle@gibbonslaw.com<br><br>-and-<br><br>Mark Conlan (admitted *pro hac vice*)<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>E-mail: mconlan@gibbonslaw.com<br><br>-and-<br><br>Adam J. Shafran (admitted *pro hac vice*)<br>Sean B. Cullen (admitted *pro hac vice*)<br>**RUDOLPH FRIEDMANN LLP**<br>92 State Street<br>Boston, MA  02109<br>Telephone: (617) 723-7700<br>Email: ashafran@rflawyers.com<br>        scullen@rflawyers.com<br><br>*Counsel for Christopher Corbin and Rich Seronick* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
| Debtors. | (Jointly Administered) |
| Christopher Corbin and Rich Seronick, Individually, and on behalf of all others similarly situated, Plaintiffs, | Adversary No. 25-50003 (TMH) |
| v. | |
| Hilco Merchant Resources, LLC, Defendant. | |

**CERTIFICATE OF SERVICE**

I, Katharina Earle, hereby certify that on December 30, 2025, a true and correct copy of the foregoing *Plaintiff's Opposition to Defendant Hilco Merchant Resources, LLC's Motion to Amend Findings, Alter or Amend Judgment, and/or for Relief from Order* (the "Opposition") was caused to be served via CM/ECF on all parties who have registered for electronic service in the above-captioned adversary proceeding.

I further certify that, in addition, I caused the Opposition to be served on the parties listed below via electronic mail.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

Mark L. Desgrosseilliers
Kristi J. Doughty
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Email: desgross@chipmanbrown.com
        doughty@chipmanbrown.com

-and-

Christina M. Berish
David Duffy
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
Email: cberish@thompsoncoburn.com
        dduffy@thompsoncoburn.com

*Counsel for Hilco Merchant Resources, LLC*

Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Edward A. Corma, Esquire
**PACHILSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Email: bsandler@pszjlaw.com
        pkeane@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel for the Chapter 7 Trustee*

Dated: December 30, 2025
Wilmington, Delaware

/*s/ Katharina Earle*
Katharina Earle
**Gibbons P.C.**