**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, <u>et al.</u>,[1]<br>      Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| CHRISTOPHER CORBIN and RICH SERONICK Individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>HILCO MERCHANT RESOURCES, LLC,<br>      Defendant. | Adv. Pro. No. 25-50003 (TMH) |

**ORDER GRANTING IN PART AND DENYING IN PART HILCO MERCHANT RESOURCES, LLC'S MOTION TO DISMISS CHRISTOPHER CORBIN AND RICH SERONICK'S FIRST AMENDED CLASS ACTION COMPLAINT**

For the reasons set forth in the accompanying Opinion, it is hereby ordered that:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

1.     Hilco Merchant Resources, LLC's Motion to Dismiss Christopher Corbin and Rich Seronick's First Amended Class Action Complaint is granted in part and denied in part as set forth herein.

2.     The motion is granted as to Count 1 (Massachusetts Wage Act) solely to the extent that Count 1 seeks recovery of retention bonuses, and that portion of Count 1 is dismissed with prejudice as to both Mr. Corbin and Mr. Seronick and the Massachusetts Subclass and Nationwide Subclass they represent. In all other respects, the motion is denied as to Count 1, which survives on behalf of the Massachusetts Subclass as to unpaid final wages and accrued, unused vacation pay.

3.     The motion is granted as to Counts 2 (Intentional Misrepresentation) and 4 (Unjust Enrichment) to the extent those claims are asserted by Mr. Corbin, and those claims are dismissed as asserted by Mr. Corbin. The motion is denied as to Counts 2 and 4 as asserted by Mr. Seronick and the store-level subclasses he represents, and those claims survive as so asserted.

4.     The motion is granted as to Count 3 (Negligent Misrepresentation), which is dismissed with prejudice as to both Plaintiffs.

5.     The parties are to meet and confer regarding a scheduling order to govern this adversary proceeding.

Dated: July 1, 2026
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge

2